**Sheryl HINTZ, as Next Friend for Donald Hintz, Jr., Appellant,**

v.

**Kevin LALLY, M.D., Appellee.**

**No. 14–08–00635–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 19, 2009.

Rehearing Overruled Feb. 11, 2010.

Thomas S. Hornbuckle, Bellevue, for Appellant.

John Giberson, Austin, Charles B. Holm, Jon Paul Hoelscher, Houston, for Appellee.

Panel consists of Chief Justice HEDGES and Justices ANDERSON and BOYCE.

## OPINION

WILLIAM J. BOYCE, Justice.

Sheryl Hintz, as next friend for Donald Hintz, Jr., appeals from the trial court's order granting a motion to dismiss filed by appellee Kevin Lally, M.D. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.106(a), (f) (Vernon 2005). We affirm.

## BACKGROUND

Dr. Lally operated on Donald Hintz in November 2002 to remove a swollen lymph node. Dr. Lally was employed full time as vice chairman of the Department of Surgery and chief of the Division of Pediatric Surgery at the University of Texas Health Science Center at Houston ("UTHSC").

Sheryl Hintz filed suit against Dr. Lally on August 16, 2006, alleging that he negligently removed Donald's spinal accessory nerve during the 2002 surgical procedure. Hintz sued only Dr. Lally in the original petition; she did not sue UTHSC.

Dr. Lally timely filed his original answer on September 21, 2006, in which he asserted a general denial. Dr. Lally also pleaded that "this suit is based on Defendant's alleged conduct within the general scope of his employment with The University of

Texas Health Science Center at Houston and this case could have been brought against the governmental unit." *See Id.* § 101.106(f).

On November 7, 2006, Dr. Lally filed a motion to dismiss Hintz's suit with prejudice pursuant to section 101.106(f) on grounds that "[t]his suit could have been brought against UTHSC...." Dr. Lally submitted an affidavit in support of his motion to dismiss in which he stated:

> When I treated Donald Hintz, Jr., I was employed as a physician at UTHSC and was wholly compensated by UTHSC. My treatment of Mr. Hintz was performed in my capacity as an employee of UTHSC and was within the general scope of my employment with UTHSC. The surgery which I performed on Donald Hintz, Jr., involved the use of surgical equipment in performing the biopsy which is the subject of Plaintiff's lawsuit.

Dr. Lally's motion to dismiss asserted that Hintz's claims involve injuries allegedly caused by a condition or use of tangible personal property. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.021 (Vernon 2005). Dr. Lally asserted that his "use of surgical instruments would meet the definition of tangible personal property. Accordingly, this suit could have been brought against Dr. Lally's employer, The University of Texas Health Science Center at Houston." Dr. Lally also included a notice setting a hearing on his motion to dismiss on December 4, 2006.

Hintz filed a first amended petition on November 30, 2006, which again named Dr. Lally as the only defendant. Hintz alleged therein that Dr. Lally "was an independent contractor with respect to the actions made the basis of this suit." Hintz simultaneously filed a response to Dr. Lally's motion to dismiss under section 101.106(f) in which she asserted that (1) Dr. Lally's motion "offers only a conclusory statement that Dr. Lally is an employee of UTHSC and not an independent contractor;" (2) she had been afforded no opportunity to conduct discovery; (3) section 101.106 violates the Texas Constitution's open courts provision; and (4) "the negligent use of a surgical instrument is not a use of tangible property such that the claim could have been brought against a government entity under the Texas Tort Claims Act."

Hintz filed a second amended petition on December 4, 2006, in which she voluntarily dismissed Dr. Lally and named UTHSC as the sole defendant. Accordingly, no hearing was held on Dr. Lally's November 7, 2006 motion to dismiss and the trial court did not sign an order addressing that motion.

UTHSC filed its original answer on January 12, 2007, in which it asserted a general denial; it also pleaded "its claim to and defense of sovereign immunity and the limits, exemptions and exclusions of the Tort Claims Act."

On July 2, 2007, UTHSC filed a first amended original answer in which it pleaded that subject matter jurisdiction was lacking because Hintz failed to provide the requisite statutory notice. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.101 (Vernon 2005) ("A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred."). UTHSC simultaneously filed a plea to the jurisdiction and motion to dismiss predicated on lack of notice. *See* Tex. Gov't Code Ann. § 311.034 (Vernon Supp. 2009) ("Statutory prerequisites to a suit, including the provision of notice, are jurisdictional requirements in all suits against a governmental entity."). The plea to the jurisdiction and motion were supported by an affidavit signed by UTHSC's risk manager, Catherine R. Thompson. In her affidavit,

Thompson stated that she had found no record of any notice of claim received from or on behalf of Sheryl Hintz as next friend of Donald Hintz within six months of the November 2002 surgery.

Hintz filed a response to UTHSC's plea and motion, and an alternative motion to withdraw her voluntary dismissal of Dr. Lally. Following a hearing, the trial court signed an order on October 31, 2007 granting UTHSC's plea and motion and denying Hintz's motion to withdraw her dismissal of Dr. Lally.

On November 19, 2007, Hintz timely filed a motion for new trial, motion to modify or vacate judgment, and a motion for leave to file a third amended petition naming Dr. Lally as the only defendant. In an order signed on November 30, 2007, the trial court denied Hintz's motion for new trial and motion to vacate judgment but granted her motion for leave to file a third amended petition. That petition was deemed filed on November 30, 2007.

Hintz filed a fourth amended petition naming Dr. Lally as the sole defendant on December 27, 2007. Dr. Lally filed an amended answer on January 14, 2008 in which he (1) asserted a general denial; (2) invoked section 101.106(a), under which bringing suit against a governmental unit "constitutes an irrevocable election and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit;" and (3) again invoked section 101.106(f). Dr. Lally filed his second motion to dismiss on February 20, 2007 based on sections 101.106(a) and (f). Hintz filed a response on April 1, 2008 and a fifth amended petition on April 8, 2008 naming Dr. Lally as the only defendant. Hintz also filed a supplemental response on April 8, 2008, in which she contended that sections 101.106(a) and (f) violate the open courts provision of the Texas Constitution.

The trial court granted Dr. Lally's second motion to dismiss in an order signed on April 11, 2008. The order states, "The face of the record is unequivocal that the original dismissal of Kevin Lally, M.D. constituted a Tex. Civ. Prac. & Rem.Code § 101.106(f) dismissal … under the 'election' provision of the statute (*see* Plaintiff's Second Amended Petition), [and] the statute makes that election irrevocable." Hintz timely filed a notice of appeal from the April 11, 2008 dismissal order.

## STANDARD OF REVIEW

Generally, we review a trial court's order on a motion to dismiss under an abuse of discretion standard. *Singleton v. Casteel,* 267 S.W.3d 547, 550 (Tex.App.-Houston [14th Dist.] 2008, pet. denied). However, the proper standard of review is determined by the substance of the issue to be reviewed rather than the type of motion to which the trial court's order pertains. *See In re Doe,* 19 S.W.3d 249, 253 (Tex.2000) (to determine proper standard of review, "we must determine whether the [issue] is a question of fact or of law").

Matters of statutory construction are reviewed *de novo. City of San Antonio v. Boerne,* 111 S.W.3d 22, 25 (Tex.2003). Here, Dr. Lally's motion to dismiss presented an issue of statutory interpretation under section 101.106 of the Texas Tort Claims Act. Thus, the trial court's order dismissing Dr. Lally pursuant to section 101.106(f) is subject to *de novo* review on appeal.

"In construing a statute, our primary goal is to determine and effectuate legislative intent." *Grimes County Bail Bond Bd. v. Ellen,* 267 S.W.3d 310, 316 (Tex.App.-Houston [14th Dist.] 2008, pet. denied) (citing *In re Canales,* 52 S.W.3d 698, 702 (Tex.2001) (orig. proceeding)). "If a statute is clear and unambiguous, we

need not resort to rules of construction." *Id.* "We may consider, among other things, the statute's objectives and the consequences of a particular construction." *Id.* "We read the statute as a whole and interpret it to effectuate every part." *Id.* (citing *City of Houston v. Jackson,* 42 S.W.3d 316, 319–20 (Tex.App.-Houston [14th Dist.] 2001, pet. dism'd w.o.j.)).

## ANALYSIS

Hintz raises four issues on appeal, contending that (1) the trial court erred in dismissing her claims against Dr. Lally under section 101.106(f); (2) the substitution of UTHSC under section 101.106(f) does not bar suit against Dr. Lally under section 101.106(a) following UTHSC's dismissal for lack of subject matter jurisdiction; (3) suit against UTHSC could not have been brought under section 101.106(f) because the injury made the basis of the suit did not manifest itself until after expiration of the notice period; and (4) section 101.106(f) violates the Texas Constitution's open courts provision by requiring substitution of a party over which the court had no jurisdiction. An overview of section 101.106 will put Hintz's arguments in context.

## I. Election of Remedies Under the Tort Claims Act

The Texas Tort Claims Act establishes a limited waiver of immunity and caps damages for certain suits against governmental entities. The Act waives governmental immunity to the extent that liability arises from the "use of a motor-driven vehicle or motor-driven equipment," or from "a condition or use of tangible personal or real property." Tex. Civ. Prac. & Rem.Code Ann. § 101.021; *see generally Mission Consol. Indep. Sch. Dist. v. Garcia,* 253 S.W.3d 653, 655–56 (Tex.2008).

Litigants responded by suing governmental employees individually instead of their governmental employers in an effort to circumvent the Tort Claims Act's limits. *Mission Consol. Indep. Sch. Dist.,* 253 S.W.3d at 655–56. The legislature countered this tactic by creating an election-of-remedies provision. This provision originally gave a measure of protection to governmental employees when claims against governmental entities were reduced to judgment or settled; however, it did not preclude a plaintiff from pursing alternative theories against both the employee and the governmental employer before judgment was signed. *Id.* at 656 (citing Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3242, 3305). The current version of this provision is codified as section 101.106.

The legislature amended section 101.106 in 2003. *See Mission Consol. Indep. Sch. Dist.,* 253 S.W.3d at 656. "The revision's apparent purpose was to force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable, thereby reducing the resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery." *Id.* at 657. "By requiring a plaintiff to make an irrevocable election at the time suit is filed between suing the governmental unit under the Tort Claims Act or proceeding against the employee alone, section 101.106 narrows the issues for trial and reduces delay and duplicative litigation costs." *Id.*

Section 101.106, entitled "Election of Remedies," provides in pertinent part as follows:

(a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff

against any individual employee of the governmental unit regarding the same subject matter.

(b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

\*　　\*　　\*

(e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

(f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

Tex. Civ. Prac. & Rem.Code Ann. § 101.106(a), (b), (e), (f).

With these provisions as a roadmap, we address the issues Hintz raises on appeal.

## II. Bases for Dismissal

### A. Dismissal Under Section 101.106(f)

■ Hintz's first and third issues focus on whether the trial court erred in dismissing her suit against Dr. Lally under section 101.106(f), and whether suit "could have been brought under this chapter" against UTHSC in light of the subsequent dismissal for lack of subject matter jurisdiction. These issues provide no basis for reversal because they target an earlier stage in the proceedings involving Dr. Lally's November 7, 2006 motion to dismiss—not the April 11, 2008 dismissal order upon which this appeal is predicated.

The trial court did not sign an order dismissing Dr. Lally in response to his November 7, 2006 motion invoking section 101.106(f). The trial court held no hearing on that motion. Instead, Hintz voluntarily dismissed Dr. Lally when she filed her second amended petition on December 4, 2006 by dropping Dr. Lally and naming UTHSC as the sole defendant.

The voluntary dismissal of Dr. Lally distinguishes this case from circumstances in which a trial court (1) is presented with a motion for dismissal under section 101.106(f); and (2) must address the "could have been brought under this chapter" clause in the course of deciding whether to grant or deny the motion. The latter circumstances implicate the employee's burden to demonstrate that suit "could have been brought under this chapter" against the governmental employer. This court and others have held that the employee must satisfy such a burden to obtain a dismissal order from the trial court under section 101.106(f). *Phillips v. Dafonte,* 187 S.W.3d 669, 675 (Tex.App.-Houston [14th Dist.] 2006, no pet.); *see also Hall v. Provost,* 232 S.W.3d 926, 928 (Tex.App.-Dallas 2007, no pet.); *Kanlic v. Meyer,* 230 S.W.3d 889, 893–94 (Tex.App.-El Paso 2007, pet. denied); *cf. Franka v. Velasquez,* 216 S.W.3d 409, 413 (Tex.App.-San Antonio 2006, pet. granted) ("Just as a plea to the jurisdiction cannot be granted, thereby resulting in the dismissal of a lawsuit, when a fact issue exists . . . a trial court also is not permitted to dismiss employees from a lawsuit under section 101.106(f) if a fact issue exists with regard

to whether the governmental unit's immunity is waived.") (citation omitted).

The trial court did not rule on Dr. Lally's November 7, 2006 motion to dismiss under section 101.106(f) because Hintz's voluntary dismissal of Dr. Lally made doing so unnecessary. Accordingly, "the trial court held no hearing and considered no evidence, and so there is no potential fact issue raised, nor is there any showing that the doctors were or were not entitled to dismissal for this court to consider." *Wilkins v. McManemy*, No. 14–06–00876–CV, 2009 WL 838139, at *4 (Tex.App.-Houston [14th Dist.] Mar. 31, 2009, pet. filed) (mem. op., not designated for publication). These circumstances make it unnecessary for us to address the precise nature of the movant's burden under section 101.106(f) or whether that burden was satisfied in this case.

The analysis here focuses instead on the effect of voluntarily dismissing Dr. Lally; adding UTHSC as the sole defendant in the second amended petition; and then attempting to sue Dr. Lally again after the claim against UTHSC was dismissed for lack of subject matter jurisdiction. That issue was addressed in the April 11, 2008 dismissal order from which Hintz appeals, and it is controlled by section 101.106(a).

Accordingly, we overrule Hintz's first and third issues.

### B. Dismissal Under Section 101.106(a)

■ Section 101.106(a) states that "[t]he filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff...." Tex. Civ. Prac. & Rem.Code Ann. § 101.106(a).

Hintz filed "a suit under this chapter against a governmental unit" when she filed her second amended petition naming UTHSC as the only defendant. Before the second amended petition, Hintz had not filed any "suit under this chapter

against a governmental unit." Hintz's suit against UTHSC "immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." *See id.* The trial court's April 11, 2008 dismissal order correctly concludes that section 101.106(a)'s unambiguous language (1) made Hintz's election to sue only UTHSC in the second amended petition irrevocable; and (2) foreclosed Hintz's subsequent attempt to sue Dr. Lally again by naming him as the only defendant in the third amended petition after having sued only UTHSC in the second amended petition.

This conclusion is underscored by the Texas Supreme Court's analysis in *Mission Consolidated Independent School District*. The supreme court explained that recovery against an individual employee is barred under section 101.106 and may be sought only against the governmental unit in three circumstances:

> (1) when suit is filed against the governmental unit only . . .; (2) when suit is filed against both the governmental unit and its employee . . .; or (3) when suit is filed against an employee whose conduct was within the scope of his or her employment and the suit could have been brought against the governmental unit. . . .

*Mission Consol. Indep. Sch. Dist.*, 253 S.W.3d at 657 (citations omitted). "Because the decision regarding whom to sue has irrevocable consequences, a plaintiff must proceed cautiously before filing suit and carefully consider whether to seek relief from the governmental unit or from the employee individually." *Id.*

The second scenario identified above by the supreme court, which corresponds to section 101.106(e), does not apply here because Hintz never filed a petition naming both Dr. Lally and UTHSC as defendants;

therefore, UTHSC never filed a motion seeking immediate dismissal of Dr. Lally under section 101.106(e). *Cf. Villasan v. O'Rourke,* 166 S.W.3d 752, 756 (Tex.App.-Beaumont 2005, pet. denied) (governmental employer's filing of section 101.106(e) motion imposes statutory duty on trial court to dismiss employee immediately without reference to subsequent amended pleading dropping the governmental employer); *see also Singleton,* 267 S.W.3d at 552 n. 6 (same); *Brown v. Xie,* 260 S.W.3d 118, 122 (Tex.App.-Houston [1st Dist.] 2008, no pet.) (same).

Under the supreme court's third scenario, which implicates sections 101.106(b) and (f), the filing of a suit against the employee of a governmental unit "constitutes an irrevocable election by the plaintiff" that forecloses suit "against the governmental unit regarding the same subject matter unless the governmental unit consents." But there is a statutory exception to this particular "irrevocable election" to sue the employee. As discussed above, the plaintiff can be compelled to switch targets from the governmental employee to the governmental employer if "suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit. . . ." Tex. Civ. Prac. & Rem.Code Ann. § 101.106(f). The plaintiff is protected against a subsequent dismissal of the governmental employer by putting the employee to his burden of demonstrating that suit "could have been brought under this chapter" against the governmental employer before the employee obtains a dismissal order. *See Phillips,* 187 S.W.3d at 675.

Under the supreme court's first scenario, which corresponds to section 101.106(a), the filing of a suit against a governmental unit also "constitutes an irrevocable election by the plaintiff" that forecloses suit against an individual employee of the governmental unit regarding the same subject matter. But unlike the third scenario under subsections (b) and (f), there are no exceptions under the first scenario by which section 101.106 provides a mechanism for changing the target of suit from the governmental employer to the governmental employee.

In short, section 101.106's door swings in just one direction. A plaintiff who makes an "irrevocable election" by suing only the governmental employee nonetheless can be compelled to change targets and sue only the governmental employer instead. *Id.* at § 101.106(f). A plaintiff who sues both the employee and the employer also can be compelled to dismiss the employee and sue only the employer instead. *Id.* at § 101.106(e). But once the plaintiff makes an "irrevocable election" by suing only the employer, there is no statutory mechanism to change targets and sue the employee instead. Suing the governmental unit "immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter." *Id.* at § 101.106(a). This one-way door comports with the legislature's goal to address efforts to circumvent the Tort Claims Act's limits by litigants who sued governmental employees individually instead of their governmental employers. *See Mission Consol. Indep. Sch. Dist.,* 253 S.W.3d at 655–56.

Hintz argues that she did not make an "irrevocable election" under section 101.106(a) because her "voluntary dismissal of Lally and the naming of UTHSC is a substitution of the defendant in response to Dr. Lally's first motion to dismiss under § 101.106(f)." This argument is unavailing because it ignores subsection (a)'s mandatory language. Hintz's appeal is

predicated on the trial court's April 11, 2008 dismissal order. That order applies subsection (a) to the circumstances created by the involuntary dismissal of UTHSC after it was named as the only defendant in the second amended petition, and the involuntary dismissal of Dr. Lally after he was named as the only defendant in the third amended petition. Because the filing of Hintz's second amended petition naming only UTHSC is "[t]he filing of a suit under this chapter against a governmental unit" under section 101.106(a), the filing of Hintz's second amended petition "constitutes an irrevocable election" under section 101.106(a).

Hintz further argues that "[t]he plain language of the statute shows that the 'irrevocable election' of the Plaintiff is made at the initiation of suit." She contends that section 101.106 "provides for a single election which is made by the Plaintiff at the time suit was filed." According to Hintz, characterizing her second amended petition naming only UTHSC as "[t]he filing of a suit under this chapter against a governmental unit" and an "irrevocable election" impermissibly would allow plaintiffs to make "two elections" under section 101.106.

Hintz relies upon *Villasan*, 166 S.W.3d at 759, to support her "two elections" argument. This reliance is misplaced.

The plaintiffs in *Villasan* filed a medical malpractice suit naming as defendants both Dr. Villasan and his employer, the University of Texas Medical Branch, Galveston ("UTMB"). *Id.* at 756. UTMB invoked section 101.106(e) and filed a motion to dismiss the claim against Dr. Villasan. *Id.* The plaintiffs responded by filing an amended petition omitting UTMB and leaving Dr. Villasan as the sole defendant. *Id.* at 757. When Dr. Villasan filed his own motion to dismiss invoking section 101.106(e), the plaintiffs contended that (1) their voluntary dismissal of UTMB mooted

Dr. Villasan's motion; and (2) section 101.106(e) no longer applied because they no longer were suing both UTMB and Dr. Villasan.

The court of appeals rejected the plaintiffs' argument under section 101.106(e). "By filing an amended petition dropping UTMB as a defendant and leaving Dr. Villasan as the sole defendant, the [plaintiffs] ... attempt to avoid the clear intent of the statute." *Id.* at 758. "We hold that under code section 101.106, the governmental agency perfects the statutory right to dismissal of its employee upon the filing of a motion to dismiss, and the employee may subsequently rely on the duty created by the motion to require the trial judge to dismiss the claims against him." *Id.* "Subsequent amended pleadings by the plaintiff filed after the government's filing of its motion to dismiss the employee do not moot the right created by the filing of the motion under section 101.106." *Id.*

In reaching this conclusion, the court of appeals analyzed section 101.106(a)'s use of the word "irrevocable" in relation to "the consequences of the plaintiffs' choice in suing the governmental unit and its employee." *Id.* at 759. " 'Irrevocable' is defined as 'incapable of being recalled, or revoked; past recall; unalterable.' " *Id.* at 759 (quoting Webster's Third New International Dictionary 1196 (1986)). "The Legislature did not create any exceptions in section 101.106 allowing TTCA claimants a second election to choose the parties against whom they desired to lodge their suit." *Id.* "Under this statute, when TTCA claimants elect to include the governmental unit as a party to a suit, whether alone or in conjunction with a governmental employee, TTCA claimants have made an irrevocable election of remedies that they will look solely to the governmental unit for compensation for injury."

*Id.* (citing Tex. Civ. Prac. & Rem.Code Ann. § 101.106(a)).

As noted above, this case does not involve section 101.106(e) because Hintz did not sue both the employer and the employee. In any event, *Villasan*'s analysis makes clear that the court's reference to an impermissible "second election" addressed an additional attempted election occurring *after* the plaintiffs already had sued the governmental unit and *after* they already had been presented with the governmental unit's motion to dismiss. *See id.; see also Singleton,* 267 S.W.3d at 552 n. 6; *Brown,* 260 S.W.3d at 122. A subsequent election is not permitted under those circumstances because claimants who include the governmental unit as a party to the suit have elected irrevocably to "look solely to the governmental unit for compensation for injury." *Villasan,* 166 S.W.3d at 759 (citing Tex. Civ. Prac. & Rem.Code Ann. § 101.106(a)). Following *Villasan*'s logic, Hintz's subsequent attempt to sue Dr. Lally again after she already had sued UTHSC likewise was foreclosed. *See id.* at 758.

■ Hintz essentially attempts to rewrite section 101.106(a)'s reference to "[t]he filing of a suit under this chapter against a governmental unit" by substituting the words "an original petition" in place of "a suit." This approach is impermissible because a specific, unambiguous statute should not be construed to mean something other than what the plain words say. *Fleming Foods of Tex., Inc. v. Rylander,* 6 S.W.3d 278, 284 (Tex.1999). There was no "filing of a suit" against UTHSC until Hintz filed her second amended petition naming UTHSC as the only defendant. Denying effect to section 101.106(a) because Hintz sued UTHSC in her second amended petition rather than her original petition would elevate form over substance and render superfluous section 101.106(a)'s unqualified "irrevoca-

ble election" language. "[S]ubstance, or the topic of the pleading, prevails over form, or the title of the pleading." *Phillips,* 187 S.W.3d at 675 (citing *Texas Dep't of Crim. Justice v. Simons,* 140 S.W.3d 338, 349 (Tex.2004)).

■ Hintz's proposed interpretation violates additional precepts by restricting section 101.106(a)'s reach according to the numerical designation in a pleading's caption rather than the pleading's content. This approach is erroneous because " 'every word of a statute must be presumed to have been used for a purpose.' " *Laidlaw Waste Sys. (Dallas), Inc. v. City of Wilmer,* 904 S.W.2d 656, 659 (Tex.1995) (quoting *Cameron v. Terrell & Garrett, Inc.,* 618 S.W.2d 535, 540 (Tex.1981)). " 'Likewise, we believe every word excluded from a statute must also be presumed to have been excluded for a purpose.' " *Id.* (quoting *Cameron,* 618 S.W.2d at 540). Section 101.106(a) refers to "[t]he filing of a suit under this chapter against a governmental unit;" it does not refer to the numerical designation in the caption of the pleading by which a plaintiff has filed suit against a governmental unit. The dispositive election occurs when the governmental employer is sued—regardless of whether the governmental employer is sued alone or in tandem with the employee, and regardless of whether the governmental employer is sued in the "original" petition or an "amended" petition.

The filing of Hintz's second amended petition asserting claims against UTHSC was "[t]he filing of a suit under this chapter against a governmental unit." Section 101.106(a) makes the filing of such a suit an "irrevocable election." Section 101.106 provides no mechanism by which a suit once filed against Dr. Lally's governmental employer can be changed to target Dr. Lally instead. Accordingly, we overrule Hintz's second issue.

### III. Open Courts Provision

In her last issue, Hintz argues that section 101.106(f) violates the Texas Constitution's guarantee of open courts insofar as that provision requires the substitution of UTHSC for Dr. Lally. *See* Tex. Const. art. I, § 13. Hintz contends it is unconstitutional to make her sue UTHSC in place of Dr. Lally because (1) Donald Hintz's alleged injury did not manifest itself until more than six months after his operation, thereby precluding timely notice; and (2) UTHSC nonetheless obtained dismissal of her suit based on a failure to provide notice within six months. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.101(a).

The open courts provision states that "[a]ll courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law." *Id.* "This provision, among other things, prohibits the Legislature from unreasonably restricting common law causes of action." *Thomas v. Oldham,* 895 S.W.2d 352, 357 (Tex.1995) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 448 (Tex.1993)).

Statutes are presumed to be constitutional. Tex. Gov't Code Ann. § 311.021(1) (Vernon 2005); *Walker v. Gutierrez,* 111 S.W.3d 56, 66 (Tex.2003). When challenging a statute as unconstitutional on the basis that it restricts a common law cause of action, the litigant must demonstrate that (1) the statute restricts a well-recognized common law cause of action; and (2) the restriction is unreasonable when balanced against the statute's purpose. *Flores v. Law,* 8 S.W.3d 785, 787 (Tex.App.-Houston [1st Dist.] 1999, pet. denied) (citing *Thomas,* 895 S.W.2d at 357).

The Texas Supreme Court has addressed an open courts challenge to the pre–2003 version of section 101.106. *See Thomas,* 895 S.W.2d at 357–58. The prior version of section 101.106 stated that "[a] judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim." *See id.* at 355. The supreme court concluded that, under this provision, "a judgment in an action against a governmental unit under the Tort Claims Act bars the simultaneous rendition of a judgment against the employee whose actions gave rise to the claim." *Id.* at 357.

The plaintiff in *Thomas* argued that section 101.106's bar on simultaneous judgments against the governmental employee and the governmental employer violated the open courts provision. *Id.* The supreme court rejected this challenge because "[t]he Tort Claims Act broadened, rather than restricted, an injured party's remedies." *Id.* The statute did so by creating a limited waiver as to governmental units that were immune from liability at common law. *Id.* "Although a plaintiff who pursues the statutory remedy against the government may lose his or her common law remedy against the employee, the plaintiff is not required to follow this course." *Id.* at 357–58. "He or she may still opt to pursue the full common law remedy against the responsible employee, foregoing or postponing any attempt to recover from the government." *Id.* at 358 (footnote omitted); *see also Flores,* 8 S.W.3d at 788 ("Law could have pursued a common-law remedy against Flores, foregoing or postponing any attempt to recover from UTHSC. As such, section 101.106 does not restrict a well-recognized cause of action.").

*Thomas*'s rationale does not readily translate to the post–2003 version of section 101.106 because newly added subsection (f) "does not give the plaintiff the option of continuing with a lawsuit against

the governmental employee." *Bailey v. Sanders,* 261 S.W.3d 153, 159 (Tex.App.-San Antonio 2008, pet. granted). However, *Thomas*'s bottom-line holding rejecting an open courts challenge nonetheless applies here because section 101.106(f)'s restriction is reasonable when balanced against the statute's purpose.

As discussed above, the 2003 amendments to section 101.106 served to narrow the issues, reduce delay, and avoid duplicative litigation spawned by the simultaneous pursuit of alternative claims against both the governmental employer and its governmental employee. *See Mission Consol. Indep. Sch. Dist.,* 253 S.W.3d at 656–57. Subsection (f) is one tool to make litigants decide whether to predicate suit on allegations that "an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable...." *Id.* at 657. The harsh result of which Hintz complains can be avoided by holding the governmental employee who seeks dismissal under section 101.106(f) to the burden of demonstrating that suit "could have been brought under this chapter against the governmental unit." *See Phillips,* 187 S.W.3d at 675–76. An order denying a section 101.106(f) dismissal motion can be tested immediately via interlocutory appeal, as can an order granting or denying a plea to the jurisdiction by a governmental unit. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(5), (8) (Vernon 2005); *see also Phillips,* 187 S.W.3d at 674–75. An agreed interlocutory appeal provides a potential vehicle in appropriate cases for testing whether the employee who has obtained dismissal under subsection (f) has satisfied the burden of demonstrating that suit "could have been brought under this chapter against the governmental unit." *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(d).

We conclude that section 101.106(f)'s restriction on suing a governmental employee is reasonable when balanced against the statute's purpose. *See Phillips,* 187 S.W.3d at 675–76; *see also Villasan,* 166 S.W.3d at 766–67 (rejecting open courts challenge to section 101.106). Accordingly, we overrule Hintz's fourth issue.

**CONCLUSION**

We affirm the trial court's judgment.