The CITY OF HOUSTON, Appellant

v.

GOVERNMENT EMPLOYEE INSURANCE COMPANY as Subrogee of John Gunn, Appellee.

No. 01–11–00173–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Dec. 29, 2011.

Judith L. Ramsey, The City of Houston Legal Department, Houston, TX, for Appellant.

Dacia A. Williams, Houston, TX, for Appellee.

Panel consists of Justices KEYES, HIGLEY, and MASSENGALE.

## OPINION

LAURA CARTER HIGLEY, Justice.

The City of Houston, appeals the trial court's interlocutory order denying its plea to the jurisdiction.[1] In its sole issue, the City contends that the trial court erred in denying its plea because it has immunity pursuant to subsection (b) of the election-of-remedies provision of the Texas Tort Claims Act.[2]

We affirm.

## Background

Jessica Gunn was driving a car owned by John Gunn when she had a car accident with City of Houston employee Kurt Rogers. The Government Employee Insurance Company ("GEICO"), as subrogee of John Gunn, sued the City and its employee, Kurt Rogers, for the property damage to the vehicle. GEICO alleged that Rogers had negligently operated the motor vehicle, causing a collision with the vehicle owned by John Gunn and driven by Jessica Gunn. GEICO asserted that, at the time of the collision, Rogers, a police officer, was acting within the course and scope of his employment. GEICO alleged that the City was liable for Rogers's conduct under the theory of respondeat superior.

The City and Rogers separately answered GEICO's suit. GEICO filed its first amended petition in which it sued only the City for Rogers's allegedly negligent acts. GEICO omitted Rogers as a defendant. The City then filed a plea to the jurisdiction asserting that GEICO's tort claim was barred by subsection 101.106(b) of the Tort Claims Act because GEICO had included Rogers in its original petition. Subsection (b) provides that the "filing of a suit against any employee of a governmental unit ... immediately and forever bars any suit or recovery by the plaintiff against the governmental unit re-

---

1. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon 2008).

2. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(b) (Vernon 2011).

garding the same subject matter unless the governmental unit consents." [3] The trial court denied the City's plea to the jurisdiction.[4] The City appeals the trial court's order.

### Standard of Review

■ Governmental immunity from suit defeats a trial court's subject matter jurisdiction and is properly asserted in a plea to the jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225–26 (Tex.2004); *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). We review de novo a trial court's ruling on a jurisdictional plea. *See Miranda*, 133 S.W.3d at 226; *Kalyanaram v. Univ. of Tex. Sys.*, 230 S.W.3d 921, 927 (Tex.App.-Dallas 2007, pet. denied).

The issue presented in this appeal requires this Court to interpret section 101.106 of the Tort Claims Act. "The meaning of a statute is a legal question, which we review de novo to ascertain and give effect to the legislature's intent." *Entergy Gulf States, Inc. v. Summers*, 282 S.W.3d 433, 437 (Tex.2009); *Galbraith Eng'g Consultants, Inc. v. Pochucha*, 290 S.W.3d 863, 867 (Tex.2009). In construing statutes, our primary objective is to give effect to the legislature's intent as expressed in the language of the statute. *Entergy Gulf States*, 282 S.W.3d at 437; *see also* TEX. GOV'T CODE ANN. § 312.005 (Vernon 2005) ("In interpreting a statute, a court shall diligently attempt to ascertain legislative intent and shall consider at all times the old law, the evil, and the remedy."). "Where text is clear, text is deter-minative of that intent." *Galbraith Eng'g Consultants*, 290 S.W.3d at 867. "This general rule applies unless enforcing the plain language of the statute as written would produce absurd results." *Id.* We presume the legislature intended a just and reasonable result when it enacted the statute. *City of Rockwall v. Hughes*, 246 S.W.3d 621, 626 (Tex.2008).

### Plea to the Jurisdiction Based on Tort Claims Act Section 101.106(b)

In its sole issue, the City argues that the trial court erred in denying its plea to the jurisdiction because, by simultaneously filing suit against Rogers, its employee, regarding the same subject matter, GEICO triggered the application of subsection 101.106(b) of the Tort Claims Act. The City asserts that subsection (b) grants it immunity and bars any suit by GEICO against the City arising from the automobile collision between Jessica Gunn and Rogers.

■ Sovereign and governmental immunity exist to protect the State and its political subdivisions from lawsuits and liability for money damages because such lawsuits hamper governmental functions by interfering with the appropriate use of tax resources. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 (Tex.2008). Even so, the State, and likewise its political subdivisions, may be sued when the legislature has statutorily waived immunity. *See id.* We interpret statutory waivers of immunity narrowly, and the legislature's intent to waive immunity must

---

**3.** *Id.*

**4.** Jessica Gunn also sued the City and Rogers for her alleged personal injuries arising from the car accident. GEICO's suit was consolidated in the trial court with Gunn's suit. Gunn's suit is procedurally similar to this case in the following respects: (1) Gunn amended her petition to exclude Rogers as a defendant; (2) the City then filed a plea to the jurisdiction, which asserted immunity based on section 101.106(b); and (3) the trial court denied the City's plea. The City also appealed that interlocutory order in *City of Houston v. Jessica Gunn*, 389 S.W.3d 401 (Tex.App.-Houston [1st Dist.] 2011).

be clear and unambiguous. *Id.* (citing TEX. GOV'T CODE ANN. § 311.034).

The Torts Claim Act establishes a limited waiver of immunity and authorizes suits to be brought against governmental units in certain narrowly-defined circumstances and with certain restrictions. *See* TEX. CIV. PRAC. & REM.CODE ANN. §§ 101.001–009 (Vernon 2011); *Tex. Dep't of Criminal Justice v. Miller,* 51 S.W.3d 583, 587 (Tex. 2001). Relevant to this case, the Act waives governmental immunity to the extent that liability arises from the "use of a motor-driven vehicle or motor-driven equipment." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (Vernon 2011).

The City does not dispute that section 101.021 generally waives its immunity for property damage claims arising from an auto accident, such as that asserted by GEICO. Nonetheless, the City claims that, under the procedural posture of this case, its immunity remains intact pursuant to subsection 101.106(b) of the Tort Claims Act. Under that provision, the City contends that GEICO is forever barred from suing the City for damages arising from the car accident.

To understand subsection (b), it is helpful to read the provision in the context of section 101.106 as a whole. That statute, entitled "Election of Remedies," provides, as follows:

(a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

(b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

(c) The settlement of a claim arising under this chapter shall immediately and forever bar the claimant from any suit against or recovery from any employee of the same governmental unit regarding the same subject matter.

(d) A judgment against an employee of a governmental unit shall immediately and forever bar the party obtaining the judgment from any suit against or recovery from the governmental unit.

(e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

(f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.106 (Vernon 2011).

The City contends that "where it applies, section 101.106 creates and grants immunity, separate and apart from (and independent of) common-law governmental

immunity." The City's contention in this regard finds support in the Supreme Court of Texas's decision, *Newman v. Obersteller,* in which the court stated that "section 101.106 is an immunity statute." 960 S.W.2d 621, 623 (Tex.1997). Recently, the supreme court reiterated this position in *Franka v. Velasquez,* 332 S.W.3d 367 (Tex. 2011). There, the court, citing *Newman,* stated that section 101.106 is a statute which confers immunity. *Id.* at 371 n. 9 (citing *Newman,* 960 S.W.2d at 623).

■ It is also helpful to understand the legislative purpose behind the election-of-remedies statute. The Supreme Court of Texas stated that the legislature enacted the current version of section 101.106 "to force a plaintiff to decide at the outset whether [a governmental] employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable, thereby reducing the resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery." *Garcia,* 253 S.W.3d at 657. "By requiring a plaintiff to make an irrevocable election at the time suit is filed between suing the governmental unit under the Tort Claims Act or proceeding against the employee alone, section 101.106 narrows the issues for trial and reduces delay and duplicative litigation costs." *Id.*

To reiterate, subsection 101.106(b)—the provision under which the City seeks dismissal—provides:

> The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

Tex. Civ. Prac. & Rem.Code Ann. § 101.106(b).

The City asserts that subsection (b) applies to bar GEICO's suit against it because, at the time it filed its suit, GEICO chose to sue the City and the governmental employee simultaneously. The City contends that, under the language of subsection (b), GEICO made an irrevocable election to sue the employee by suing the employee in its original petition. In its brief, the City asserts, "The sole trigger for subsection (b) immunity is the filing of a lawsuit against a governmental employee regarding the same subject matter as the suit against the governmental unit." The City's position implies that it is significant neither that GEICO also sued the City in the original petition nor that GEICO later amended its petition to assert a claim against only the City.

The City bases its interpretation of subsection (b) on the supreme court's opinion in *Mission Consol. Indep. Sch. Dist. v. Garcia,* 253 S.W.3d 653 (Tex.2008). In that case, three school-district employees, who had been terminated by the school district, sued the district for violating the Texas Commission on Human Rights Act ("TCHRA") and sued both the district and the district's superintendent for the common-law tort of intentional infliction of emotional distress. *Id.* The plaintiffs also sued the superintendent for the torts of defamation, fraud, and negligent misrepresentation. *Id.* at 655.

The employees' common-law tort claims did not fall within the Tort Claims Act's limited waivers of immunity. *Id.* at 658; *see* Tex. Civ. Prac. & Rem.Code Ann. § 101.021. The school district filed a plea to the jurisdiction under section 101.106(b), asserting that the employees' decision to sue both the district and its superintendent barred recovery against the district. *Garcia,* 253 S.W.3d at 655. The trial court

denied the district's plea, and the court of appeals affirmed. *Id.* The supreme court granted review to "determine the scope of the Tort Claims Act's election-of-remedies provision and its effect" on the employees' claims. *Id.*

After considering the history of the provision, the supreme court discussed the consequences of applying subsections (b) and (e) to the employees' claims. *See id.* at 658–59. The *Garcia* court explained that the language "under this chapter" found in subsection (e) does not limit that section's reach to tort claims for which the Tort Claim Act waives immunity. *Id.* at 658. The court reasoned that, because the Tort Claims Act is the only avenue by which a claimant can recover against the government for a common-law tort, all tort claims asserted against a governmental unit, "whether it is sued alone or together with its employees, are assumed to be under [the Tort Claims Act] for purposes of section 101.106." *Id.* at 659. The court concluded that if the school district had filed a motion under subsection (e)—which it had not—the superintendent would have been entitled to dismissal of the employees' tort claims against him. *Id.* The court stated that all of the employees' tort claims against the district would also have been barred because "all tort theories of recovery alleged against a governmental unit are presumed to be "under the [Tort Claims Act]." *Id.* The court stated that the employees' TCHRA claims against the district were not "filed under this chapter," and, as result, the TCHRA claims would not have been subject to dismissal under subsection (e). *Id.*

The court then rejected the district's argument that subsection (b) operated to bar the employees' "entire suit," including the TCHRA claims. *Id.* The court agreed with the school district that, "to the extent subsection (b) applies, it bars *any suit* against the governmental unit regarding the same subject matter, not just suits for which the Tort Claims Act waives immunity or those that allege common-law claims." *Id.* The *Garcia* court concluded that because the legislature had consented to suit under the TCHRA, subsection (b) "would not operate to bar Garcia's suit or recovery against [the school district]." *Id.* at 660. The court held that the TCHRA claims survived under the consent exception to subsection (b). *Id.*

Here, the City asserts,

It is simply impossible to distinguish the relevant facts and procedural circumstances of [*Garcia*] from those of this case. In both cases[,] the plaintiff filed suit simultaneously against the governmental unit and its employee, asserting tort claims regarding the same subject matter; and the governmental unit filed a plea to the jurisdiction based upon section 101.106(b) immunity. Accordingly, the result here must be the same as the result in [*Garcia*]: that all of [GEICO's] tort claims against [the City] are barred by section 101.106(b) immunity.

In making this assertion, however, the City does not acknowledge a critical procedural distinction between this case and *Garcia*. Here, GEICO amended its petition omitting Rogers as a defendant. GEICO effectively non-suited its claims against Rogers by amending its petition to omit him. *See FKM P'ship v. Bd. of Regents of the Univ. of Houston Sys.,* 255 S.W.3d 619, 633 (Tex.2008). In contrast, the plaintiffs in *Garcia* never abandoned their claims against the district's employee and did not elect the district as the defendant against whom they would proceed.[5]

---

5. Another noteworthy distinction between the instant case and *Garcia* is that the common-

The language of *Garcia* indicates that the supreme court did not interpret section 101.106 to forever bar a plaintiff who simultaneously files suit against a governmental unit and its employee from proceeding against the governmental unit. In this regard, the *Garcia* court stated,

> Under the Tort Claims Act's election scheme, recovery against an individual employee is barred and may be sought against the governmental unit only in three instances: (1) when suit is filed against the governmental unit only, *id.* § 101.106(a); (2) when suit is filed against both the governmental unit and its employee, *id.* § 101.106(e); or (3) when suit is filed against an employee whose conduct was within the scope of his or her employment and the suit could have been brought against the governmental unit, *id.* § 101.106(f).

*Garcia*, 253 S.W.3d at 657.

In this statement, the *Garcia* court recognized that a plaintiff who initially files suit against both the governmental unit and its employee for common law tort claims may still recover against the governmental unit. *See id.* When a plaintiff simultaneously files common law tort claims against both a governmental unit and its employee, the employee shall be dismissed from the suit pursuant to a subsection (e) motion filed by the governmental unit. Tex. Civ. Prac. & Rem.Code Ann. § 101.106(e).

This Court has stated, "The plain language of [sections 101.106(a) and (b) ] suggests that the legislature intended for the plaintiff's election to occur when the plaintiff first files suit." *Alexander v. Walker*, 355 S.W.3d 709, 713 (Tex.App.-Houston [1st Dist.] 2011, no pet.). Of course, this election may be involuntarily altered by

subsections (e) and (f). Tex. Civ. Prac. & Rem.Code Ann. § 101.106(e), (f).

Here, GEICO initially elected to file suit against both the City and Rogers. Had the City filed a subsection (e) motion to dismiss, GEICO' claims against Rogers would have been properly dismissed. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.106(e). The City did not file a subsection (e) motion. *Id.* Instead, GEICO voluntarily dismissed its claims against Rogers, thereby foregoing the City's need to file a subsection (e) motion and avoiding the cost and delay associated with the filing of such motion. Although the procedure of subsection (e) was not followed here, the outcome is the same: the only claims remaining are the common law tort claims against the City arising from the auto collision. *Hintz v. Lally*, 305 S.W.3d 761, 769 (Tex.App.-Houston [14th Dist.] 2009, pet. denied) (stating that "one-way door" that operates to remove governmental unit employee from suit, properly directed at the governmental unit, itself "comports with the legislature's goal to address efforts to circumvent the Tort Claims Act's limits by litigants who sued governmental employees individually instead of their governmental employers"). By electing to sue only the City in its amended petition, and by dismissing its claims against Rogers, GEICO is immediately and forever barred by subsection (a) from bringing common law tort claims against Rogers arising from the car wreck. *See* Tex. Civ. Prac. & Rem.Code Ann. § 101.106(a); *see also Kamel v. Univ. of Tex. Health Ctr.*, 333 S.W.3d 676, 688 (Tex. App.-Houston [1st Dist.] 2010, pet. denied); *Hintz*, 305 S.W.3d at 771; *cf. Barnum v. Ngakoue*, No. 03–09–00086–CV, 2011 WL

law tort claims asserted in *Garcia* did not fall within the limited waiver of immunity found

in the Tort Claims Act.

1642179, at *11 (Tex.App.-Austin April 29, 2011, pet. filed) (stating that subsections (a) and (b), similar to subsections (c) and (d), are "mirror provision[s]" showing an intent to prevent a claimant from suing or recovering against either a governmental employer or its employee and then later suing or recovering against the other). In other words, GEICO's voluntary decision to choose the City as its defendant, after suing both the City and Rogers, has the same irrevocable consequence as a subsection (e) motion. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(e). GEICO's amended petition indicates its election to recover only against the City and to forego recovery against Rogers. In short, GEICO made its election for purposes of the election-of remedies provision, and it elected the City as its defendant.

Recently, in *City of Houston v. Esparza,* this Court determined whether subsection (b) applied to bar a plaintiff's claims against the City arising from a car accident when the plaintiff had sued both the City and its employee, and the City had then filed a motion to dismiss the employee under subsection (e). No. 01–11–00046–CV, 369 S.W.3d 238 (Tex.App.-Houston [1st Dist.] 2011, no pet. h.) (op. on reh'g). In *Esparza,* the City offered an argument similar to that offered in this case. We summarized the City's contentions as follows:

> The City contends that Esparza has failed to comply with the election-of remedies provision because she sued both the City and its employee. The City asserts that the provision requires a claimant to choose between suing either the City or its employee, and a claimant who instead sues both loses the opportunity to sue either—the employee is dismissed under subsection (e) and the government is immune under subsection (b).

*Id.* at 245 (citations omitted).

We rejected the City's contention that subsection (b) barred the plaintiff's suit against it and affirmed the trial court's order denying the City's plea to the jurisdiction. *Id.* at 248. In reaching this conclusion, we explained, "[The plaintiff] elected her remedy—not by choice, but by operation of the statute. When a claimant fails to elect between defendants and instead sues both, subsection (e) forces an election upon the claimant: the governmental unit is the proper defendant and the employee must be dismissed." *Id.* at 246.

In holding that subsection (b) did not bar Esparza's recovery against the City, we discussed the consent exception found in subsection (b).[6] *Id.* at 244. When applicable, subsection (b) bars suit against a governmental unit "unless the governmental unit consents." *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(b). We rejected the approach taken by a number of our sister courts that read the exception to create a blanket waiver of the same immunity established by subsection (b) whenever the asserted claim is one for which the Tort Claims Act waives immunity. *Esparza,* 369 S.W.3d at 252. We concluded that the consent exception applies only "if the

---

6. We also recognized,
> If, as the City argues, subsections (a) and (b) apply independently to any suit brought against a governmental unit and its employee simultaneously and mandate dismissal of both the governmental unit and its employee in such cases, then subsection (e), which dictates the dismissal of the employee in

such cases, would be superfluous, and its language, which does not mention dismissal of the governmental unit, would be incongruent.
> *City of Houston v. Esparza,* 369 S.W.3d at 248 (Tex.App.-Houston [1st Dist.] 2011, no pet. h.) (op. on reh'g).

claimant has satisfied the Act's other jurisdictional requirements, including those set forth in the election-of-remedies provision." *Id.* at 253. We stated, "A claimant satisfies the [election-of-remedies] provision by electing—voluntarily or involuntarily—whether she will prosecute her claims against a governmental unit or its employee, forever forgoing prosecution against the other." *Id.*

We further stated that "[u]nder section 101.106, Esparza's filing of suit against both [the governmental employee] and the City invoked subsection (e). By operation of subsection (e), Esparza's filing of suit and the City's motion to dismiss [the employee] resulted in a forced election: whether she intended to or not, Esparza elected to pursue her claims against the City rather than [the employee]." *Id.* at 253 (internal citations omitted). We then held, "The trial court therefore properly dismissed her claims against Espinoza, and she is forever barred from bringing common law tort claims against him arising out the accident at issue here. But, so long as she has otherwise complied with the jurisdictional requisites of the Tort Claims Act, subsection (b) does not bar Esparza from pursuing her claims against the City, her elected defendant." *Id.* (internal citations and footnote omitted).

Here, GEICO voluntarily elected to pursue it claims against the City and to forever forego its common law tort claims against Rogers arising from the car accident. By so doing, GEICO satisfied the requisites of the election-of-remedies provision. *See id.* Thus, we hold that, if it has otherwise complied with the jurisdictional requisites of the Tort Claims Act, GEICO is not barred by subsection (b) from pursuing its claims against the City, its elected defendant.[7] *See id.*

We overrule the City's sole issue.

### Conclusion

We affirm the order of the trial court denying the City's plea to the jurisdiction.

Justice MASSENGALE, concurring.

MICHAEL MASSENGALE, Justice, concurring.

I concur in the judgment. The result is controlled by the forced-election analysis of this court's recent decision in *City of Houston v. Esparza*, 369 S.W.3d 238 (Tex. App.-Houston [1st Dist.] 2011, no pet. h.). That opinion explained that when a tort claimant files suit against both a governmental unit and its employee, the election-of-remedies provision of the Tort Claims Act, TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(e) is automatically invoked, and that statute forces an immediate election of the governmental unit, rather than the employee, as the defendant in the lawsuit. *See Esparza*, 369 S.W.3d at 247.

Although the tort claimant in this case also filed its suit against both a govern-

---

**7.** As in *Esparza*, we note that the City here has not challenged GEICO's compliance with the Tort Claims Act jurisdictional requirements, other than the election-of-remedies provision. GEICO's claims against the City arise from an auto accident. The Act waives governmental immunity to the extent that liability arises from the "use of a motor-driven vehicle or motor-driven equipment." *See* TEX. CIV PRAC. & REM.CODE ANN. § 101.021 (Vernon 2011). However, exceptions apply to this waiver of immunity. For example, Tort Claims Act section 101.055(2) excludes the operation of emergency vehicles in emergency situations from the general waiver of immunity for negligent operation of governmental vehicles. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.055(2) (Vernon 2011). In addition, the Tort Claims Act has certain procedural requirements with which a claimant must comply to obtain waiver of immunity to sue a governmental unit. *See, e.g.,* TEX. CIV. PRAC. & REM.CODE ANN. § 101.101 (Vernon 2011) (setting out pre-suit notice requirement).

mental unit and its employee, resulting in the forced election described in *Esparza*, the panel majority characterizes the claimant's subsequent decision to voluntarily dismiss the claim against the individual employee defendant as "a critical procedural distinction" from *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653 (Tex.2008). The majority further relies on that decision as having the "same irrevocable consequence as a subsection (e) motion" and holds that "GEICO is immediately and forever barred by subsection (a) from bringing common law tort claims against Rogers arising from the car wreck." This superfluous analysis is inconsistent with the forced election explained in *Esparza*, which takes place at the time a suit is filed against a governmental unit and its employee. The claimant's subsequent decision to nonsuit the employee (as opposed to waiting for a motion to dismiss the employee pursuant to subsection (e)) is irrelevant to the analysis.

Accordingly, I concur in the judgment, but I respectfully decline to join in the panel majority's opinion.