**Deputy Corey ALEXANDER and Sergeant Jimmie Cook, Appellants,**

**v.**

**April WALKER, Appellee.**

**No. 01–10–00147–CV.**

Court of Appeals of Texas, Houston (1st Dist.).

June 23, 2011.

---

Fred A. Keys, Jr., Harris County Atty's Office, Bruce S. Powers, Asst. County Atty., Houston, for Appellants.

Lloyd E. Kelley, Lloyd E. Kelley & Associates, Houston, for Appellee.

Panel consists of Justices KEYES, HIGLEY, and BLAND.

## OPINION ON MOTION FOR REHEARING

JANE BLAND, Justice.

April Walker sued Harris County Sheriff's Department Deputy Corey Alexander and Sergeant Jimmie Cook for assault, conspiracy, slander, false arrest, false imprisonment, and malicious prosecution. Several weeks later, Walker sued Harris County in federal court for the same claims that she asserted against the officers, based on vicarious liability, and for violation of sections 1983 and 1988. *See* 42 U.S.C. §§ 1983 & 1988 (2006). The officers moved for summary judgment in the state court proceeding, contending that the election of remedies provision of the Texas Tort Claims Act bars the suit against them. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(a), (e)-(f) (West 2005). The trial court denied the motion. On appeal, the officers contend that the trial court erred in denying their summary judgment motion. On January 13, 2011, we issued an opinion affirming the judgment of the trial court. The officers filed a motion for rehearing. We grant the motion, withdraw our opinion issued January 13, 2011, and issue this opinion in its stead. Our disposition is unchanged.

### Background

Walker filed this suit against the officers in state district court on December 9, 2008. She alleged intentional torts arising out of an incident in January 2008 involving Deputy Alexander and an incident in July 2008 involving Sergeant Cook. Walker then sued Harris County, former Harris County Sheriff Tommy Thomas, and an unnamed defendant in federal district court on December 29, 2008. In the federal suit, she alleged the same intentional torts that she had asserted against the officers in this suit, based on vicarious liability principles, as well as additional claims for trespass, failure to properly hire, train, and supervise the officers, and violation of sections 1983 and 1988. *See* 42 U.S.C. §§ 1983 & 1988. The officers removed this case to federal court. The federal district court later remanded it.

The officers then moved in state court for a traditional summary judgment, contending that section 101.106 of the Civil Practice and Remedies Code bars the suit against them.[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.106(a), (e)-(f) (West 2005). Specifically, according to the officers, subsection (e) mandated their dismissal because Walker sued both Harris County and the officers, and Harris County had moved the federal court to dismiss Walker's state claims. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(e). The trial court denied the officers' summary judgment motion, and the officers filed this interlocutory appeal. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(5) (West 2008) ("A person may appeal from an interlocutory order ... that denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the state or a political subdivision of the state.").

### Discussion

The officers contend on appeal that section 101.106(a) bars any suit against them

---

1. The officers also moved for no-evidence summary judgment on the basis of official immunity. The trial court ruled that, because official immunity is an affirmative defense, the officers could not move for no-evidence summary judgment on that basis and denied the motion. *See* TEX.R. CIV. P. 166a(i) ("After adequate time for discovery, a party without presenting summary judgment evidence may move for summary judgment on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial."). The officers do not challenge this ruling on appeal.

in state court for the tort claims, because, under section 101.106(a), Walker's federal suit against Harris County constitutes an irrevocable election in favor of proceeding against the governmental employer and bars suit against the individual officers. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(a) (2005). According to the officers, the trial court therefore erred in denying their motion for summary judgment.

*Standard of Review*

We review de novo the trial court's ruling on a summary judgment motion. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). The party moving for traditional summary judgment bears the burden of showing that no genuine issue of material fact exists and the party is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c). When moving for summary judgment based on an affirmative defense, such as immunity, the movant bears the burden to conclusively establish each element of the defense. *See Morgan v. City of Alvin*, 175 S.W.3d 408, 413 (Tex.App.-Houston [1st Dist.] 2004, no pet.) (citing *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995)). If the movant conclusively establishes the affirmative defense, the burden shifts to the non-movant to raise a disputed fact issue. *Id.* (citing *Brand v. Savage*, 920 S.W.2d 672, 673 (Tex.App.-Houston [1st Dist.] 1995, no writ)). To determine if the non-movant raises a fact issue, we review the evidence in the light most favorable to the non-movant, crediting favorable evidence if reasonable jurors could do so and disregarding contrary evidence unless reasonable jurors could not. *See Fielding*, 289 S.W.3d at 848 (citing *City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005)).

In construing a statute, like the Texas Tort Claims Act, our primary objective is to determine and give effect to the Legislature's intent. *State v. Gonzalez*, 82 S.W.3d 322, 327 (Tex.2002); TEX. GOV'T CODE ANN. § 312.005 (West 2005) ("In interpreting a statute, a court shall diligently attempt to ascertain legislative intent and shall consider at all times the old law, the evil, and the remedy."). We first look to the plain language of the statute, for "it is a fair assumption that the Legislature tries to say what it means, and therefore the words it chooses should be the surest guide to legislative intent." *Fitzgerald v. Adv. Spine Fixation Sys.*, 996 S.W.2d 864, 865 (Tex.1999). We also consider the object the Legislature sought to attain, the circumstances under which the Legislature enacted the statute, the legislative history, former statutory provisions, and the consequences of a particular construction. TEX. GOV'T CODE ANN. § 311.023(1)-(5) (West 2005). We read the statute in its entirety and interpret it to give effect to every part. *Gonzalez*, 82 S.W.3d at 327 (citing *Jones v. Fowler*, 969 S.W.2d 429, 432 (Tex. 1998)); *see also* TEX. GOV'T CODE ANN. § 311.021(2)-(3) (West 2005) ("In enacting a statute, it is presumed that the entire statute is intended to be effective; [and] a just and reasonable result is intended.").

*Application of Section 101.106*

After the Texas Legislature enacted the Texas Tort Claims Act, which established a limited waiver of sovereign immunity and capped damages for certain suits against governmental entities, plaintiffs began suing governmental employees individually, instead of their governmental unit employers, to circumvent the Texas Tort Claims Act's restrictions. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655–56 (Tex.2008); *Hintz v. Lally*, 305 S.W.3d 761, 766 (Tex.App.-Houston [14th Dist.] 2009, pet. denied). To curb these practices, the legislature enacted section 101.106, the election of

remedies provision, to protect governmental employees from suit in cases in which a claim against the governmental unit involving the same subject matter either settled or proceeded to judgment. *See* Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, 1985 Tex. Gen. Laws 3242, 3305 (current version at TEX. CIV. PRAC. & REM.CODE ANN. § 101.106); *Garcia*, 253 S.W.3d at 656.

■ In 2003, the legislature amended section 101.106 to protect governmental employees from litigants pursuing alternative theories of liability against both the employee and the governmental unit. TEX. CIV. PRAC. & REM.CODE ANN. § 101.106; *Garcia*, 253 S.W.3d at 656. The amendments "force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable." *Garcia*, 253 S.W.3d at 657. By requiring the plaintiff to make an irrevocable election between proceeding against the employee or the governmental unit "at the time suit is filed," section 101.106 "narrows the issues for trial and reduces delay and duplicative litigation costs." *Id.*

Section 101.106 provides that:

(a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

(b) The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject

matter unless the governmental unit consents.

. . . .

(e) If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

(f) If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM.CODE ANN. § 101.106.

In *Garcia*, the Texas Supreme Court noted that the election of remedies provision bars recovery against the governmental employee in three particular instances: "(1) when suit is filed against the governmental unit only, TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a); (2) when suit is filed against the governmental unit and its employee, *id.* § 101.106(e); or (3) when suit is filed against an employee whose conduct was within the scope of his or her employment and the suit could have been brought against the governmental unit, *id.* § 101.106(f)." *Garcia*, 253 S.W.3d at 657.

Under subsection (a), filing suit against the governmental unit under the act constitutes an irrevocable election and "immediately and forever bars" any suit against an individual employee regarding the same subject matter. TEX. CIV. PRAC. & REM.CODE

ANN. § 101.106(a). Subsection (b) contains a parallel provision protecting the governmental unit when the plaintiff sues the employee: filing suit against the employee "immediately and forever bars" suit against the governmental unit regarding the same subject matter, unless the unit consents. TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(b). Subsections (a) and (b) both provide that suing the governmental unit and the employee, respectively, constitutes an "irrevocable election" that "immediately and forever bars" suit or recovery against the other regarding the same subject matter, unless, in the case of subsection (b), the governmental unit consents. *Id.* § 101.106(a)-(b).

The plain language of both of these sections suggests that the legislature intended for the plaintiff's election to occur when the plaintiff first files suit. *See Garcia,* 253 S.W.3d at 657 ("The revision's apparent purpose was to force a plaintiff to decide at the outset whether an employee acted independently...."); *Villasan v. O'Rourke,* 166 S.W.3d 752, 761 (Tex.App.-Beaumont 2005, pet. denied) ("Given the fact that an election is forced by section 101.106 at the time a [Texas Tort Claims Act] claimant files suit, and the fact that the initial decision is irrevocable, the initial decision may determine the claimant's ultimate success or failure."); *see also Wilkins v. McManemy,* No. 14–06–00876–CV, 2009 WL 838139, at *2 (Tex.App.-Houston [14th Dist.] Mar. 31, 2009, pet. denied) (mem. op.) ("Once the plaintiff has acted on that decision by filing suit against either the employee or the governmental unit, the statute plainly provides that the plaintiff may not later sue the other. The plaintiff has made 'an irrevocable election' that 'immediately and forever bars any suit or recovery by the plaintiff against' whichever of the two—the employee or the governmental unit—that the plaintiff elects not to sue.").

The legislature specifically contemplated two instances in which the plaintiff's initial election regarding which party to sue should not control. The first, subsection (e), provides that, if the plaintiff sues both the government employer and the employee under the Texas Tort Claims Act, the trial court shall immediately dismiss the employee upon motion by the employer. TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(e); *Hintz,* 305 S.W.3d at 769 ("A plaintiff who sues both the employee and the employer also can be compelled to dismiss the employee and sue only the employer instead."). The second, subsection (f), is a statutory exception to subsection (b)'s irrevocable election, which allows a plaintiff to change defendants if she meets certain criteria. Under this subsection, "the plaintiff can be compelled to switch targets from the governmental employee to the governmental employer if 'suit is filed against an employee ... based on conduct within the general scope of that employee's employment and if it could have been brought under [the Texas Tort Claims Act] against the governmental unit.'" *Hintz,* 305 S.W.3d at 769 (quoting TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(f)). Section 101.106 provides no other mechanism to allow a defendant to force a plaintiff to switch the target of her suit from the governmental employee to the employer when she sues the employee first.

In this case, when Walker first sued the officers in state court, she elected to sue only the officers, employees of Harris County. As Walker sued the individuals first, subsection (b) is the provision applicable to this suit, and Walker's decision was an irrevocable election that immediately and forever barred any suit or recovery by Walker against Harris County for the same subject matter unless Harris

County consents or the exception under subsection (f) becomes applicable. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.106(b), (f); *Garcia,* 253 S.W.3d at 657; *Villasan,* 166 S.W.3d at 761; *see also Wilkins,* 2009 WL 838139 at *3. The officers do not contend on appeal that subsection (f) required Walker to switch the target of her suit from the officers to Harris County.

Instead, the officers contend that they must be dismissed under subsection (a) because Walker later sued the county in federal court. The officers rely on the Fourteenth Court of Appeals' decision in *Hintz,* for the proposition that the order in which the plaintiff sues either the governmental employees or the governmental unit does not control the election. *See* 305 S.W.3d at 768–71. In *Hintz,* Hintz first sued Lally, an employee of the University of Texas Health Science Center ("UT"). *Id.* at 763. Lally moved to dismiss the suit pursuant to section 101.106(f), so Hintz voluntarily dismissed Lally and named UT as the sole defendant. *Id.* at 764. The trial court then granted UT's plea to the jurisdiction and denied Hintz's motion to withdraw her voluntary dismissal of Lally. *Id.* at 765. Hintz filed an amended petition, which again named Lally as the sole defendant. *Id.* Lally then moved to dismiss under sections 101.106(a) and (f), and the trial court granted the motion. *Id.*

Our sister court upheld the trial court's dismissal of Lally based on section 101.106(a), reasoning that "[t]he dispositive election occurs when the governmental employer is sued—regardless of whether the governmental employer is sued alone or in tandem with the employee, and regardless of whether the governmental employer is sued in the 'original' petition or an 'amended' petition." *Id.* at 771. After Hintz substituted UT for Lally, Lally was entitled to immunity under subsection (a) via the operation of 101.106(f). *See id.* at 771.[2]

In this case, in contrast, Walker never substituted Harris County as a defendant pursuant to subsection (f), but instead filed a separate suit in federal court against the county after she sued the individual defendants in state court. The officers do not argue on appeal that either of the two statutory exceptions, subsection (e) or (f), applies in this case. Because Walker sued the individual officers before she sued Harris County, subsection (b) applies to bar suit against Harris County for suits regarding the same subject matter, unless Harris County consents. The officers remain defendants, as they do not argue on appeal that subsection (f) applies. Subsection (a) is inapplicable to this case because Walker made the irrevocable election to sue the officers before she sued Harris County. Applying subsection (a) here

---

2. The ruling in *Hintz* is similar to our recent ruling in *Kamel v. Univ. of Tex. Health Ctr. See* 333 S.W.3d 676, 688 (Tex.App.-Houston [1st Dist.] 2010, pet. denied). In *Kamel,* Kamel, the plaintiff, sued two physicians and a state hospital for medical malpractice. *Id.* at 679. One of the physicians moved for dismissal from the suit based on 101.106(f), arguing that his conduct was within the general scope of his employment with the University of Texas Health Science Center at Houston ("UT") and that this case could have been brought against UT. *Id.* Kamel then moved to dismiss this physician and amend his pleading to replace the physician with UT pursuant to 101.106(f). *Id.* at 680. The trial court granted Kamel's motion to dismiss, and Kamel filed his second amended petition dismissing the physician and adding UT. *Id.* The second physician in the case then filed a motion to dismiss pursuant to 101.106(a) and (f). *Id.* The trial court granted the motion, and this court affirmed the ruling under 101.106(a) because Kamel's substitution of UT for the first physician as defendant constituted an irrevocable election that barred any suit or recovery against an individual employee of the governmental unit. *Id.* at 688.

would render subsection (b) meaningless. *See Gonzalez,* 82 S.W.3d at 327 ("[W]e 'read the statute as a whole and interpret it to give effect to every part.'" (quoting *Jones,* 969 S.W.2d at 432)). We hold that the trial court correctly denied the officers' summary judgment motion based on section 101.106(a).

On rehearing, the officers urge that we reconsider our decision in light of the Texas Supreme Court's decision in *Franka v. Velasquez. See* 332 S.W.3d 367, 369 (Tex. 2011). In *Franka,* the court construed the phrase "could have been brought" as used in section 101.106(f). *See id.* The court held that "any tort claim against the government is brought 'under' the Act for the purposes of section 101.106, even if the Act does not waive immunity." *Id.* at 375. On appeal, the officers do not contend that 101.106(f) bars Walker's suit. We do not affirm either under that provision or on any characterization of the underlying claims, but on the straightforward effect of who sued whom first. Accordingly, we hold that *Franka* is inapplicable to the present case.

### Conclusion

We hold that under section 101.106(b) of the Texas Tort Claims Act Walker irrevocably elected to sue the police officers individually, barring all subsequent suits against Harris County, their governmental employer. That election foreclosed any subsequent election under section 101.106(a) when Walker sued the county in federal court, absent the applicability of subsection (f). The trial court thus properly denied the officers' summary judgment motion. We affirm the order of the trial court.