**Motion for Rehearing Overruled; Opinion filed August 25, 2011, Withdrawn; Reversed and Rendered and Substitute Opinion on Rehearing filed December 8, 2011.**



In The

# Fourteenth Court of Appeals

### NO. 14-10-01232-CV

## STEPHEN FONTENOT, Appellant

### V.

## TIFFANY STINSON, Appellee

**On Appeal from the 61st District Court**
**Harris County, Texas**
**Trial Court Cause No. 2008-72561**

## SUBSTITUTE OPINION ON REHEARING

We overrule the motion for rehearing, withdraw our opinion dated August 25, 2011, and issue the following substitute opinion. Stephen Fontenot, a deputy with the Harris County Sheriff's Office, appeals from the trial court's order denying his motion for summary judgment, in which he claimed immunity under subsections (a), (e), and (f) of the election-of-remedies provision of the Texas Tort Claims Act (TTCA). *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a), (e), (f) (West 2011). We hold that

subsection (a) applies in this case to bar suit against Fontenot. We reverse the trial court's order and render judgment that Stinson take nothing.

## BACKGROUND

On December 12, 2008, Tiffany Stinson filed an original petition in this case against Fontenot. The petition included claims for various intentional torts, including slander, civil conspiracy, "trespass, assault and battery, intentional infliction of emotional distress, wrongful arrest, false imprisonment, and malicious prosecution." On December 29, 2008, Stinson filed a complaint in federal district court against Harris County and Sheriff Tommy Thomas. Stinson and Fontenot dispute whether those claims were based on federal statute or common law.

On February 24, 2009, Fontenot removed the state court proceeding to federal court. On March 12, 2009, Harris County and Thomas each moved to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 12(b)(6).[1] On March 30, 2009, the suits against Fontenot, Harris County, and Thomas were consolidated in federal court. Stinson did not respond to the motions to dismiss, and in April 2009, the federal court granted Harris County's and Thomas's motions to dismiss for failure to state a claim. Stinson moved to reconsider,[2] and the federal court granted Stinson's motion in part but eventually granted both Harris County's and Thomas's motions to dismiss. In July 2009, the federal court rendered a final judgment in favor of Harris County and Thomas and "reactivated" the case against Fontenot "to proceed with all pretrial discovery and motion matters relating to it."

---

[1] Harris County's motion was styled: "Defendant Harris County, Texas' Motion to Dismiss for Failure to State a Claim — Fed. R. Civ. P. 12b(6)." But in one of the twenty-seven paragraphs of Harris County's motion, Harris County stated, "The plaintiff elected to sue both Harris County and its employees. Harris County moves for immediate dismissal of all state law claims against all named and unnamed individual defendants under Tex. Civ. Prac. & Rem. Code § 101.106(e)."

[2] Harris County responded to the motion to reconsider with "corrections of fact," noting that "Deputy Fontenot remains in this case."

After the period for discovery ended in December 2009, Fontenot moved for summary judgment on five grounds, one of which was subsection (e) of the election-of-remedies provision.[3] In response, Stinson argued that the federal court lacked subject matter jurisdiction, and thus, the case should be remanded to state court. The federal court denied Fontenot's motion and remanded the case for lack of subject matter jurisdiction. The court noted that "only Stinson's claims against Deputy Fontenot remain."

On remand to the 61st District Court of Harris County, Texas, Fontenot moved for summary judgment, arguing that he was immune from suit under subsections (a), (e), and (f) of the election-of-remedies provision. After additional briefing, the trial court denied the motion, and this appeal followed.

## ANALYSIS

Under the Texas Tort Claim Act's election-of-remedies provision, plaintiffs who are injured by governmental employees must make a sometimes difficult choice of whether they wish to pursue tort claims against either the employee or the employer. "Because the decision regarding whom to sue has irrevocable consequences, a plaintiff must proceed cautiously before filing suit and carefully consider whether to seek relief from the governmental unit or from the employee individually." *Mission Consol. Indep. Sch. Dist v. Garcia*, 253 S.W.3d 653, 657 (Tex. 2008). "A plaintiff's unwise choice may result in a bar to recovery from both the governmental unit and its employee." *Tex. Tech Univ. Health Sci. Ctr. v. Williams*, 344 S.W.3d 508, 512–13 (Tex. App.—El Paso 2011, no pet. h.); *accord Huntsville Indep. Sch. Dist. v. Briggs*, 262 S.W.3d 390, 393 (Tex. App.—Waco 2008, pet. denied).

In this case, Stinson elected to sue Fontenot in state court for common law torts and then elected to sue Harris County in federal court for common law torts. Her

---

[3] Fontenot explained in the motion, "It is not clear that the court dismissed the state claims against Deputy Fontenot. . . . Deputy Fontenot asks for confirmation that the court dismissed all pendant state claims against him under the Texas statute."

decision to sue both defendants for common law torts regarding the same subject matter means that her suit against Fontenot is barred under subsection (a) of the TTCA's election-of-remedies provision.

## A. Standard of Review

We apply the same standard of review for the denial of a summary judgment as for the granting of a summary judgment. *Ervin v. James*, 874 S.W.2d 713, 715 (Tex. App.—Houston [14th Dist.] 1994, writ denied). A defendant is entitled to summary judgment on an affirmative defense such as immunity if he expressly presents and conclusively proves each element of the defense. *Id.* We indulge reasonable inferences and resolve any doubts regarding the summary judgment evidence in favor of the nonmovant. *Id.* Further, we review matters of statutory construction de novo, and our "standard of review is determined by the substance of the issues to be determined rather than by the type of motion to which the trial court's order pertains." *Hintz v. Lally*, 305 S.W.3d 761, 765 (Tex. App.—Houston [14th Dist.] 2009, pet. denied).

## B. General Principles of the TTCA and the Election-of-Remedies Provision

The TTCA provides a limited waiver of sovereign and governmental immunity for certain suits against governmental units. *Amadi v. City of Houston*, No. 14-10-01216-CV, — S.W.3d —, 2011 WL 5099184, at *2 (Tex. App.—Houston [14th Dist.] Oct. 27, 2011, pet. filed) (op. on reh'g en banc) (citing TEX. CIV. PRAC. & REM. CODE ANN. §§ 101.001–.009 (West 2011)). The statute, however, does not waive immunity for suits alleging intentional torts. *Seureau v. Exxon Mobil Corp.*, 274 S.W.3d 206, 219 n.11 (Tex. App.—Houston [14th Dist.] 2008, no pet.); *see* TEX. CIV. PRAC. & REM. CODE ANN. § 101.057 (West 2011). Among other restrictions, the statute also caps recoverable damages against governmental units. TEX. CIV. PRAC. & REM. CODE ANN. § 101.023 (West 2011); *Amadi*, 2011 WL 5099184, at *2.

We recently discussed the history of the TTCA's election-of-remedies provision and why the Legislature first enacted it:

4

In the past, claimants often chose to sue the employee of a governmental unit, rather than the governmental unit itself, to avoid the TTCA's restrictions. This strategy was sometimes successful because claims against employees were not always subject to the TTCA. In an effort to prevent this gamesmanship and to protect governmental employees, the Legislature enacted an election-of-remedies provision.

*Amadi*, 2011 WL 5099184, at *2 (citing *Garcia*, 253 S.W.3d at 656).[4]

Although the original provision protected employees from being sued when claims against the governmental unit were settled or reduced to judgment, "nothing prevented a plaintiff from pursuing alternative theories against both employees and the governmental unit through trial or other final resolution." *Id.* For example, plaintiffs could sue a governmental unit for claims subject to the TTCA's waiver of immunity, which includes certain types of negligence claims, while simultaneously pursuing claims against the employee for intentional torts based on the same underlying conduct. The Legislature eliminated this practice in 2003 by enacting the current version of the election-of-remedies provision, in relevant part:

(a)   The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

(b)   The filing of a suit against any employee of a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against the governmental unit regarding the same subject matter unless the governmental unit consents.

. . . .

---

[4] As originally enacted, the provision read as follows: "A judgment in an action or a settlement of a claim under this chapter bars any action involving the same subject matter by the claimant against the employee of the governmental unit whose act or omission gave rise to the claim." Act of May 17, 1985, 69th Leg., R.S. ch. 959, § 1, 1985 Tex. Gen. Laws 3242, 3305 (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 101.106).

(e)  If a suit is filed under this chapter against both a governmental unit and any of its employees, the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

(f)  If a suit is filed against an employee of a governmental unit based on conduct within the general scope of that employee's employment and if it could have been brought under this chapter against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. On the employee's motion, the suit against the employee shall be dismissed unless the plaintiff files amended pleadings dismissing the employee and naming the governmental unit as defendant on or before the 30th day after the date the motion is filed.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106.  The purpose of this amendment was to

> force a plaintiff to decide at the outset whether an employee acted independently and is thus solely liable, or acted within the general scope of his or her employment such that the governmental unit is vicariously liable, thereby reducing resources that the government and its employees must use in defending redundant litigation and alternative theories of recovery.

*Garcia*, 253 S.W.3d at 657.  By requiring plaintiffs to make an irrevocable election, the statute reduces delay and duplicative litigation costs incurred from defending against alternative theories of liability.  *Id.*  The statute is "intended to protect governmental employees by favoring their early dismissal when a claim regarding the same subject matter is also made against the governmental employer."  *Id.*

The plain language and underlying policy of the election-of-remedies provision favors dismissing employees when the government is also sued.  The statute's "door swings in just one direction: away from the employee and toward the governmental employer."  *Amadi*, 2011 WL 5099184, at *4.  "This one-way door comports with the legislature's goal to address efforts to circumvent the Tort Claims Act's limits by litigants who sued governmental employees individually instead of their governmental employers."  *Hintz*, 305 S.W.3d at 769.

6

## C. Stinson's Suit in Federal Court was Brought "Under this Chapter"

Subsections (a), (c), (e), and (f) of the election-of-remedies provision reference suits that are filed or brought "under this chapter." This phrase has the same meaning throughout the statute, *see Franka v. Velasquez*, 332 S.W.3d 367, 379 (Tex. 2011), and it includes any suit in which the plaintiff alleges a common law tort claim, regardless of whether the TTCA waives immunity for the claim, *id.* at 369. Thus, a suit alleging intentional torts against a governmental unit is a suit "under this chapter" for purposes of subsection (a). *See Garcia*, 253 S.W.3d at 659 (interpreting subsection (e)). A federal statutory claim brought under 42 U.S.C. § 1983 (2006), however, is not a suit "under this chapter." *See Whitesell v. Newsome*, 138 S.W.3d 393, 396 (Tex. App.—Houston [14th Dist.] 2004, pet. denied) (holding that section 101.106 did not bar the plaintiff's claims against the employee when a prior federal court's judgment in favor of the governmental unit was based solely on § 1983 claims involving the same subject matter).[5]

Accordingly, the nature of Stinson's claims against Harris County in federal court affects whether the election-of-remedies provision may apply to her suit against Fontenot. Stinson argues that her claims against Harris County were brought solely under federal law, and thus, the election-of-remedies provision does not apply. We disagree.

Although Stinson attempted to allege § 1983 claims against Harris County and Thomas, she also unambiguously alleged common law tort claims against Harris County. Fontenot attached to his motion for summary judgment a copy of the complaint Stinson filed in federal court, which includes, among others, the following paragraphs:

> 2. Defendant, Harris County, Texas may be served with process by serving the County Judge Ed Emmett. . . .

---

5 *See also* TEX. CIV. PRAC. & REM. CODE ANN. § 101.003 ("The remedies authorized by this chapter are in addition to any other legal remedies."); *Green v. Nueces Cnty., Tex.*, No. C-09-316, 2010 WL 918972, at *5 (S.D. Tex. Mar. 15, 2010) ("It is well established that a Section 1983 claim is not a claim brought 'under the [TTCA].'" (alteration in original)).

3.    Defendant, Harris County Sheriff Tommy Thomas, in his individual and in his official capacity, may be served with process at 1200 Baker St, Houston, Texas, 77002. . . .

. . . .

20.   Defendants individually conspired against Plaintiff to cause Plaintiff harm.   Plaintiff seeks damages, both actual and compensatory for Defendant's trespass, assault and battery, intentional infliction of emotional distress, wrongful arrest, false imprisonment, and malicious prosecution.

. . . .

33.   Upon information and belief, two or more Defendants conspired with intent to deny Stinson rights under the laws of the state of Texas.

In paragraphs two and three, Stinson identified the only two defendants in the federal suit as "Harris County" and "Tommy Thomas, in his individual and official capacity." Stinson then alleged liability for common law intentional torts committed by "Defendants" and "Defendant," which must be construed in accordance with paragraphs two and three of the petition. *See Singleton v. Casteel*, 267 S.W.3d 547, 552 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (concluding the plaintiff's claim for malicious prosecution was brought against both the governmental unit and its employees, despite the plaintiff's argument that the claim was brought solely against the employees, because the plaintiff used the word "Defendants" in connection with the malicious prosecution claim and referred to all of the defendants collectively as "Defendants").[6]  In addition to the torts listed in paragraph twenty, Stinson specifically sued "Defendants" for an intentional conspiracy "to deny Stinson rights under the laws of the state of Texas." Civil conspiracy is a common law intentional tort. *See Massey v. Armco Steel Co.*, 652 S.W.2d 932, 933–34 (Tex. 1983).

---

[6] *See also Ramsey v. Stephenson*, No. C-09-170, 2010 WL 173612, at *4 (S.D. Tex. Jan. 13, 2010) (reasoning that the plaintiffs' claims for intentional infliction of emotional distress and malicious prosecution were brought against both the governmental unit and its employees because the clams were "broadly brought against 'Defendants'" and the employees were sued in their official capacities).

8

Stinson did not carefully allege tort claims only against Thomas in his individual capacity; instead, she broadly alleged tort claims against all defendants, which included Harris County. *See Kelemen v. Elliot*, 260 S.W.3d 518, 522–23 (Tex. App.—Houston [1st Dist.] 2008, no pet.) (concluding that subsection (e) did not require dismissal of the employee when the plaintiff sued the governmental unit and the employee together for "distinct conduct"; only statutory claims were brought against the governmental unit while only tort claims were brought against the employee).[7]

Thus, Fontenot has conclusively established that Stinson brought common law tort claims against Harris County; and for purposes of section 101.106(a), Stinson filed "a suit under this chapter against a governmental unit."[8]

## D. Fontenot is Immune Under Section 101.106(a)

Fontenot argues that the filing of the second suit against Harris County bars Stinson's suit against Fontenot because Stinson made an irrevocable election to sue Harris County. Stinson responds that the filing of her first suit solely against Fontenot constitutes the only possible irrevocable election, and a holding that subsection (a) bars suit against Fontenot in this case would render subsection (b) meaningless.

The First Court of Appeals recently held that the order in which a plaintiff sues both the governmental unit and the employee in separate suits controls which subsection—either (a) or (b)—may apply. *See Alexander v. Walker*, No. 01-10-00147-CV, — S.W.3d —, 2011 WL 2500482 (Tex. App.—Houston [1st Dist.] June 23, 2011, pet. filed). The case presented identical facts: the plaintiff first sued the employees in

---

[7] *See also Green*, 2010 WL 918972, at *5 (refusing to dismiss the employees under subsection (e) because the plaintiff carefully asserted tort claims only against the employees while asserting § 1983 claims against both the governmental unit and the employees; noting the statement in the plaintiff's complaint under the intentional tort section that "the claims brought by Plaintiff under this section only apply to the individual Defendants")

[8] The fact that Stinson may have also alleged § 1983 claims against Harris County does not alter our conclusion. *See. Garcia*, 253 S.W.3d at 659 (concluding that the suit was brought "under this chapter" against a governmental unit when both a statutory claim not subject to the TTCA and common law tort claims were brought against the governmental unit).

state court and then sued the governmental unit in federal court for the same common law intentional torts. *Id.* at *1. The First Court concluded that as between subsections (a) and (b), only subsection (b) could apply because the first suit filed against the employees was the plaintiff's sole irrevocable election under the statute. *Id.* at *5. Thus, the court held that subsection (a) only applies when the government is sued first, and subsection (b) only applies when the employee is sued first. *See id.* The court reasoned that applying subsection (a) in this scenario would render subsection (b) meaningless. *Id.* The court stated that its interpretation was based on "the straightforward effect of who sued whom first." *Id.*

The First Court's reasoning, however, conflicts with the supreme court's holding in *Garcia*, which we must follow. *See Univ. of Tex. Health Sci. Ctr. at Houston v. Crowder*, 349 S.W.3d 640, 648 (Tex. App.—Houston [14th Dist.] 2011, no pet.). In *Garcia*, the supreme court held that the plaintiffs' common law claims against a governmental unit were barred under subsection (b) in a case in which the plaintiffs sued both the governmental unit and its employee. *See* 253 S.W.3d at 654, 660.

In *Garcia*, the plaintiffs sued a governmental unit and its employee both for non-TTCA statutory claims and for common law torts. *Id.* at 657. The governmental unit did not move for a dismissal of its employee under subsection (e); rather, it moved for dismissal of all claims against it only under subsection (b). *Id.* at 657, 659. The trial court denied the motion, and the court of appeals affirmed. *Id.* at 657. Reversing in part, the supreme court summarized the reasoning of the court of appeals:

> The court of appeals read subsection (a) of the election-of-remedies provision to only apply when the governmental unit alone is sued, subsection (b) to only apply when the employee alone is sued, and subsection (e) to apply when both are sued simultaneously. The court concluded that only subsection (e) could apply in this case because the [governmental unit] and [the employee] were sued together.

*Id.* at 657–58 (citations omitted). The supreme court disagreed with the "narrow interpretation" of the court of appeals, *id.* at 658, and concluded that the common law

claims against the governmental unit should have been dismissed under subsection (b), *id.* at 660.[9] Under the holding in *Garcia*, a governmental unit may seek dismissal under subsection (b) even if the plaintiff initially sued both the governmental unit and its employee. *See id.* 654, 660. This holding demonstrates that the determination of whether subsection (b) applies does not depend on the straightforward effect of who sued whom first.

The supreme court has stated that the subsections of section 101.106 should be construed in a consistent manner. *See Franka*, 332 S.W.3d at 379; *Crowder*, 349 S.W.3d at 648. If subsection (b) applies to a suit in which the plaintiff initially sues both the governmental unit and its employee, it would be inconsistent if subsection (a) did not also apply to this suit.

Stinson argues that applying subsection (a) in this case renders subsection (b) meaningless because it is tantamount to saying that she made two irrevocable elections, or that she revoked her irrevocable election to sue Fontenot by filing suit against Harris County. However, following the guidance of *Garcia* and the supreme court's admonition to construe the subsections of section 101.106 in a consistent manner, we conclude that under binding precedent from the supreme court, subsections (a) and (b) can both apply in a single suit or to a plaintiff's claims in separate suits against a governmental unit and its employee. Thus, a plaintiff may irrevocably elect to sue both the governmental unit and the employee. And when a plaintiff makes such a choice, subsections (a) and (b) may bar the plaintiff's suit, except to the extent that the Legislature has waived the governmental unit's immunity. *See Garcia*, 253 S.W.3d at 660 (holding that subsection (b) did not bar a claim against a governmental unit because the Legislature waived

---

[9] In another part of its opinion, the *Garcia* court cited subsection (a) for the proposition that recovery against the employee is barred and recovery may be sought only against the governmental unit when the plaintiff files suit against the governmental unit only. *See Garcia*, 253 S.W.3d at 657. But in citing subsection (a), the *Garcia* court did not state that this subsection applies only to situations in which the plaintiff sues the governmental unit alone. *See id.*

11

immunity); *Amadi*, 2011 WL 5099184 at \*4–5, 8 (same); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(b).

Accordingly, when Stinson filed suit against Harris County, the filing constituted an irrevocable election against Harris County and immediately and forever barred any suit or recovery against Fontenot regarding the same subject matter. This conclusion is not altered by the fact that her suit against Harris County was the second-filed suit.[10] *See Hintz*, 305 S.W.3d at 771 (explaining that the "dispositive election occurs when the governmental employer is sued—regardless of whether the governmental employer is sued alone or in tandem with the employee"—and holding that subsection (a) barred suit against the employee when the plaintiff first sued the employee, then substituted the governmental unit for the employee under subsection (f), and then attempted to reassert claims against the employee).

We reverse the trial court's order denying summary judgment and render judgment that Stinson take nothing.[11]

/s/          Sharon McCally
             Justice

Panel consists of Justices Frost, Jamison, and McCally.

---

[10] Stinson argues that the TTCA, as applied to her, violates the Open Courts provision of the Texas Constitution and the Due Process Clause of the United States Constitution. Stinson did not raise any of these constitutional arguments in the trial court. Therefore, Stinson has not preserved error, and we do not address these constitutional issues. *See* TEX. R. APP. P. 33.1(a); *Dreyer v. Greene*, 871 S.W.2d 697, 698 (Tex. 1993); *CHCA Mainland, L.P. v. Dickie*, No. 14-07-00831-CV, 2008 WL 3931870, at \*2 n.1 (Tex. App.—Houston [14th Dist.] Aug. 21, 2008, no pet.) (mem. op.).

[11] Because we conclude that subsection (a) bars all of Stinson's claims, we need not address the parties' arguments regarding subsections (e) and (f). *See* TEX. R. APP. P. 47.1.