**Affirmed and Memorandum Opinion filed November 26, 2013.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00577-CV

---

### ALPER T. KARAALI, Appellant

### V.

### PETROLEUM WHOLESALE, L.P., Appellee

---

**On Appeal from the 333rd District Court**
**Harris County, Texas**
**Trial Court Cause No. 2007-46858**

---

## MEMORANDUM OPINION

Appellant Alper T. Karaali[1] appeals from the trial court's final judgment in favor of Petroleum Wholesale, L.P., which was based on an arbitration award. He

---

[1] Both Karaali and Tien Shan, Inc., the other maker on the note that forms the basis of the suit underlying this appeal, filed a notice of appeal. Their attorney was permitted to withdraw while this appeal was pending. Karaali then appeared *pro se*. On January 15, 2013, we notified the parties that unless counsel appeared on behalf of Tien Shan, Inc. on or before January 28, 2013, we would dismiss the corporation's appeal. Because no counsel appeared on behalf of Tien Shan, Inc., we ordered its appeal dismissed on February 12, 2013. *See Kunstoplast of Am., Inc. v. Formosa Plastics Corp.*, *U.S.A.*, 937 S.W.2d 455, 456 (Tex. 1996).

raises five issues, but three were not preserved in the trial court so we do not reach them. An additional issue regarding the scope of the arbitrator's authority was not adequately briefed in this Court, and in any event it fails on the merits. Kaarali also challenges the sufficiency of the evidence supporting the arbitration award, but a court may not set aside an arbitration award on that basis. Accordingly, after carefully reviewing the record and briefs, we affirm the trial court's judgment.

## BACKGROUND

Petroleum Wholesale is the assignee and holder of a real estate lien note (the "Note") between Tien Shan, Inc. and Karaali[2] as maker and Craig C. Stavinoha, Inc./Craig C. Stavinoha, individually as payee. In August 2007, Tien Shan and Karaali sued Petroleum Wholesale after a dispute arose regarding calculation of the interest rate and the remaining amount due under the Note. The Note provided for interest calculated at prime plus two percent, which, at the time Petroleum Wholesale acquired it, was six percent. The Note further provided for adjustment of the interest rate on a quarterly basis on January 6, April 6, July 6, and October 6 of each year in which the Note remained outstanding.

Petroleum Wholesale answered and later filed a counter-claim seeking a declaratory judgment regarding the adjustable interest rate provision.[3] The trial court signed an order referring the parties to mediation with Stuart Wilson pursuant to chapter 154 of the Texas Civil Practice & Remedies Code.

The parties mediated this dispute in early May 2009. They entered into a Binding Settlement Agreement, in which they agreed to settle their entire dispute

---

[2] Karaali signed the note in his individual capacity and also on behalf of Tien Shan, as "Shareholder, Director and Officer of Tien Shan, Inc."

[3] Before the counterclaim was filed, the trial court signed a partial summary judgment in favor of Tien Shan and Karaali, declaring that as of May 6, 2004, the principal balance of the Note was $1,438,381.62.

2

and release each other from all claims in the suit.  Under the terms of the Agreement, Tien Shan and Karaali agreed to pay Petroleum Wholesale $1,225,000 for full and final payment of the Note.  Petroleum Wholesale agreed to pay $52,000 to Tien Shan and Karaali to reimburse them for overpayments on the Note.

The transaction was scheduled to occur contemporaneously on or before August 12, 2009.  Tien Shan and Karaali were to obtain refinancing of their portion of the settlement funds; the title company closing the refinancing loan would establish an escrow agreement whereby Petroleum Wholesale would deposit $52,000, to be released to Tien Shan and Karaali upon Petroleum Wholesale's receipt of the $1,225,000.  If the refinancing transaction did not close by August 12, 2009, the title company was authorized to return the $52,000 to Petroleum Wholesale on or before August 19, without permission of Tien Shan or Karaali. Tien Shan and Karaali were required to make monthly payments of $9,554 to Petroleum Wholesale for the months of June, July, and August 2009; however, they were not entitled to any credit for these payments against the settlement amount or, if the refinance did not close, against the remaining principal and interest due and owing.  If the transaction did not close, Tien Shan and Karaali were still required to make payments under the terms of the Note, with the monthly payments after August 2009 credited against the remaining principal and interest due and owing.

The Settlement Agreement also contained the following arbitration clause:

> If one or more disputes arise with regard to the interpretation and/or performance of this agreement or any of its provisions, the parties agree and designate Stuart N. Wilson as . . . binding arbitrator of any disputes in the language of this Settlement Agreement or release, or other closing documents executed in accordance with this Agreement,

3

and the parties agree that the part[ies] shall pay their pro rata share of the arbitrator's fee upon receipt of an invoice from Stuart N. Wilson.

The Settlement Agreement stated that the parties had entered into it freely and without duress after consulting with the professional of the party's choice. It was signed by Karaali, both individually and on behalf of Tien Shan, Inc., a representative of Petroleum Wholesale, counsel for each party, and the mediator.

In June 2010, Petroleum Wholesale filed a motion to compel arbitration.[4] In this motion, Petroleum Wholesale stated that the parties reached a Binding Settlement Agreement in May 2009, but since that time, they have "disputed the effect of the Agreement since the Agreement was not performed as anticipated." According to this motion, the parties agreed to submit all disputes under the agreement to arbitration with Stuart Wilson. Petroleum Wholesale stated that the parties and the arbitrator had had scheduling problems until a date was scheduled in March 2010. According to Petroleum Wholesale's motion, at that time, Tien Shan and Karaali stated they did not want to attend arbitration. Petroleum Wholesale requested an order compelling Tien Shan and Karaali to submit to arbitration with Wilson as agreed by the parties. The motion to compel arbitration was set for oral hearing on June 25, 2010. On that date, the trial court granted Petroleum Wholesale's motion and signed an order compelling "the cause" to arbitration. The parties were ordered to submit "the cause" to arbitration with Wilson on or before September 24, 2010, and to pay fifty percent of Wilson's fees on or before July 16, 2010.

In August 2010, Tien Shan filed a motion to extend the deadlines set forth in the trial court's order compelling arbitration. In this motion, it asserted it was

---

[4] Petroleum Wholesale attached a copy of the Settlement Agreement to its motion to compel arbitration.

financially unable to afford arbitration at this time. It further stated, "Although [Tien Shan] made diligent efforts to arbitrate, the arbitration was postponed or rescheduled several times and [Tien Shan]'s financial condition has since changed for the worse and the cost associated with arbitrating this claim has become otherwise unaffordable at this time." Tien Shan sought an extension of the deadline for arbitration until November 2010 to allow it to obtain the necessary funds to pay the arbitration fees.

The trial court signed an agreed order extending arbitration deadlines on October 22, 2010. In this order, the court stated that the parties had agreed to Tien Shan's motion to extend the arbitration deadlines. The court ordered the parties to submit "the cause" to arbitration with Stuart Wilson on November 17, 2010, and to pay fifty percent of their arbitration fees on or before that date. Counsel for both parties signed this order as "Agreed, Approved and Entry Requested."

The arbitrator made an arbitration award setting forth his findings and filed his award with the trial court on December 6, 2010. On December 30, Petroleum Wholesale filed a verified motion to confirm the arbitration award. Petroleum Wholesale attached to its motion the Settlement Agreement, the order compelling arbitration, the agreed order extending the arbitration deadlines, and the arbitration award. In pertinent part, the arbitration award provided as follows:

- The case was called to arbitration before Stuart N. Wilson on November 17, 2010, pursuant to an agreed order signed by counsel for all parties and the trial court on October 22, 2010.

- Petroleum Wholesale appeared at the arbitration hearing, but although duly noticed and ordered to appear by agreement, Tien Shan, Inc. and Karaali failed to appear.

- The arbitrator contacted Karaali and again notified him to attend pursuant to the agreed order. Karaali advised the arbitrator that he would not attend, without good cause.

- The arbitration was convened in the absence of Karaali.

The award reflects that, after hearing sworn testimony and accepting documentary evidence from Petroleum Wholesale, the arbitrator made the following relevant findings by a preponderance of the evidence submitted:

- The Note provides that for all unpaid principal and mature, unpaid amounts, "the applicable interest rate *is* the prime interest rate . . . plus two percentage points. This interest rate of prime plus two percent is adjustable on a quarterly basis . . . and . . . will be adjusted at the next quarterly interest computation date . . . [.]" (Emphasis added.)

- The Note proves that "Maker and each . . . guarantor waive all demands for payment, [and] presentations for payment. . . []"

- The terms of the Note and the Note payment history provide that the Note balance as of this date and including through December 5, 2010 is $1,258,227.96.

- The terms of the Note and the current Note balance provide that the current monthly payment amount is $11,350.47.

- The Binding Settlement Agreement between the parties was breached by KARAALI's failing to pay off the Note by August 12, 2009. There is a failure of consideration for [Petroleum Wholesale]'s agreement to accept on or before August 12, 2009 a reduced payoff of the Note and "reimbursement" to KARAALI for alleged "overpayment". KARAALI's payments made outside the Note in June, July, and August 2009 were in consideration of [Petroleum Wholesale]'s passing the then pending trial date and waiting 3 months for payoff of the Note.

Based on his findings, the arbitrator decreed that (1) Petroleum Wholesale was the holder of the Note signed by Tien Shan, Inc. and Karaali as makers, and that its balance as of December 6, 2010 was $1,258,227.96, with a current monthly payment of $11,350.47; (2) Tien Shan and Karaali take nothing from Petroleum Wholesale; and (3) Petroleum Wholesale recover from Tien Shan and Karaali, jointly and severally, attorney's fees of $42,550, as well as its costs, including the

mediation fee of $650 and the arbitration fee of $4,250.[5]  The motion to confirm the arbitration award was set for hearing on January 14, 2011.

On January 10, Tien Shan and Karaali responded to Petroleum Wholesale's motion to confirm the arbitration award and moved to modify or vacate the award. They also requested an evidentiary hearing, asserting that an application to modify or correct an arbitration award may be joined in the alternative with an application to vacate the award.  In this filing, they asserted that they never agreed to arbitrate the merits of this case, which was arbitrated in their absence.[6]  They asserted that the arbitrator exceeded his authority in making the award because the arbitration clause in the Settlement Agreement provided that the parties agreed to arbitrate "[i]f . . . disputes ar[o]se with regard to the interpretation and/or performance of this agreement or any of its provisions."  They sought, as relevant to this appeal, to modify or vacate the arbitration award because disputes related to the interest rate and the current balance of the Note were not disputes regarding interpretation or performance of the Settlement Agreement.

Petroleum Wholesale replied to this response on January 13, asserting that because the parties settled the entire dispute through the Settlement Agreement, by necessary implication, the parties agreed to arbitrate all issues regarding settlement of the dispute.  Petroleum Wholesale further argued that by failing to object to the trial court's order compelling the parties to arbitrate the *cause*, agreeing to the trial court's order extending the deadlines to arbitrate the *cause*, and failing to attend

---

[5] The arbitrator also ordered that Tien Shan and Karaali, jointly and severally, pay their arbitration fee of $4,250 to Stuart N. Wilson & Associates, P.C.

[6] They alleged in a footnote that they dismissed their counsel "when they learned for the first time on November 16, 2010 that an arbitration had been set for November 17, 2010.  The arbitrator refused to reset the arbitration to allow [them] to obtain new counsel."

the agreed-upon arbitration without good cause, Tien Shan and Karaali waived any complaint about the scope of the arbitration award.

Tien Shan and Karaali responded to this reply on January 14, arguing that Petroleum Wholesale's motion to compel arbitration—upon which the agreed order extending the deadlines was based—specifically referred to the arbitration clause contained in the Settlement Agreement. Thus, they asserted that the context of the order compelling arbitration made it clear that Petroleum Wholesale was seeking arbitration of issues related to the agreement, not arbitration of issues in the underlying case.[7]

On May 17, 2011, the trial court signed an order confirming the arbitration award and holding that any complaint regarding the scope of the arbitration had been waived.[8] That same day, the court signed a final judgment incorporating the arbitrator's award described above, confirming the balance of the Note and the current monthly payment due on it, rendering a take-nothing judgment against Tien Shan and Karaali, and awarding Petroleum Wholesale attorney's fees and costs.

---

[7] Tien Shan and Karaali filed a memorandum of law concerning waiver on March 7, 2011. This memorandum reflects that the trial court instructed counsel for both parties to file memoranda regarding whether they had waived their complaints that the arbitrator rendered an award outside the scope of the written arbitration agreement by not attending the arbitration. The record does not contain Petroleum Wholesale's memorandum.

[8] In this order, the trial court noted:

As part of its review (but not by way of limitation), the Court notes not only the language of the settlement agreement, but the Court's prior orders of June 25, 2010 and October 20, 2010, which by agreement requested the Court submit "this cause" to the arbitrator. No restriction on the submission to arbitration was requested by the parties or ordered by the Court. Moreover, there is no evidence that either party made any complaint to the arbitrator regarding the scope of arbitration or requested him to modify the arbitration award. To the contrary, although duly ordered and noticed to appear, Plaintiffs wholly failed to appear or participate in arbitration. Hence, any complaint has been waived.

8

Tien Shan and Karaali filed a motion for new trial asserting that they were entitled to an evidentiary hearing, as requested in their response and motion to modify or vacate the arbitration award. They further argued that they had not waived their complaint that the arbitrator decided matters outside the scope of the arbitration agreement. This motion was overruled by operation of law, and Tien Shan and Karaali timely noticed their appeal.[9]

## ANALYSIS

Karaali challenges the trial court's judgment in five issues.[10] First, he asserts that Petroleum Wholesale is not a correct party to this proceeding because it fraudulently claimed assignment of the Note. Second, Karaali claims that when he objected to Petroleum Wholesale's status as an assignee of the Note, he and Petroleum Wholesale entered into a new financing agreement that provided for a fixed interest rate of six percent. In issue three, he contends that the arbitrator exceeded his authority and the scope of the Settlement Agreement because the arbitration award does not reflect the settlement amount agreed upon, the amount Karaali originally was determined to owe, or the amount Petroleum Wholesale claimed he owed. Karaali complains in his fourth issue that the trial court lacked evidence upon which to base its judgment stating the amount due on the Note. Finally, in his fifth issue, he argues that his debt was fraudulently inflated by

---

[9] This appeal was abated in September 2011 because Tien Shan, Inc. petitioned for voluntary bankruptcy protection. Karaali later sought voluntary bankruptcy protection for himself. Karaali provided this court with copies of the bankruptcy court's orders dismissing both bankruptcy proceedings, and this appeal was reinstated on January 15, 2013. As noted above, however, Tien Shan was dismissed from this appeal because it failed to obtain legal representation.

[10] In support of some of these issues, Karaali attached numerous documents as exhibits to his brief. Many of Karaali's exhibits are not part of our appellate record, including his exhibits 2, 6, 9, 11, 12, 15, 16, 20, 21, 23, 24, 25, and 26. We have not considered any of those documents in addressing Karaali's issues. *See Bencon Mgmt. & Gen. Contracting, Inc. v. Boyer, Inc.*, 178 S.W.3d 198, 210–11 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

9

Petroleum Wholesale and further inflated by the arbitration award. Petroleum Wholesale responds that Karaali's first, second, fourth, and fifth issues were not properly preserved for our review. We agree that Karaali failed to preserve his first, second, and fifth issues.

## I.     Preservation of error

Generally, to present a complaint for appellate review, the record must show that the complaint was made to the trial court by a timely request, objection, or motion stating with sufficient specificity the grounds for relief sought and that the trial court ruled on the complaint, either expressly or implicitly. *See* TEX. R. APP. P. 33.1(a); *see also In re A.L.S.*, 338 S.W.3d 59, 70 (Tex. App.—Houston [14th Dist.] 2011, pet. denied) ("Brown did not raise this argument at any time below; therefore, she has preserved nothing for review."); *Fontenot v. Stinson*, 369 S.W.3d 268, 276 n.10 (Tex. App.—Houston [14th Dist.] 2011, pet. filed) (noting that appellant's constitutional claims that were not presented to trial court would not be addressed on appeal). Important prudential considerations underlie error preservation rules. *In re B.L.D.*, 113 S.W.3d 340, 350 (Tex. 2003). Our error preservation rules promote such important concerns as conserving judicial resources by permitting trial courts the opportunity to correct error before an appeal proceeds; encouraging fairness among litigants by preventing a party from unfairly surprising his opponent on appeal by stating his complaint for the first time; increasing accuracy in judicial decision-making by giving lower courts the chance to first consider and rule on error; and providing the parties the chance to develop and refine their arguments so that courts of appeal may focus on and analyze the key issues at issue. *See id.* (citations omitted).

After carefully reviewing the record, we have determined that Karaali never presented the following arguments to the trial court: that Petroleum Wholesale is

not a proper party to these proceedings or that it "fraudulently" claimed assignment of the Note; that Karaali and Petroleum Wholesale entered into a "new" financing agreement with a fixed six-percent interest rate; or that Petroleum Wholesale "fraudulently" inflated his debt and that the arbitration award further inflated his debt. Because Karaali failed to present these arguments to the trial court, he has not preserved them for our review. *See* TEX. R. APP. P. 33.1(a). Accordingly, we overrule these arguments, which comprise Karaali's first, second, and fifth issues.

## II.  The arbitrator's authority

In his third issue, Karaali asserts that the arbitrator exceeded his authority and exceeded the scope of the arbitration agreement. Specifically, he claims that the arbitration award does not reflect the settlement amount, the amount owed by Karaali and Tien Shan originally, or the amount Petroleum Wholesale claimed it was owed by Karaali and Tien Shan. We conclude that Karaali waived this issue by failing to brief it properly.

We begin by noting that Karaali, who filed his appellate briefs pro se, is held to the same standard as a licensed attorney and must comply with all applicable rules of procedure. *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 930 (Tex. App.—Houston [14th Dist.] 2008, no pet.). A pro se litigant must properly present his case on appeal; if this were not the rule, pro se litigants would benefit from an unfair advantage over those parties who are not represented by counsel. *Id.* We will not make allowances for or apply different standards because a case is presented by a pro se litigant. *Id.*

Although Karaali identifies his third issue as a challenge to the arbitrator's authority to determine the amount owed on the Note, it is difficult to discern the argument in support of this issue. The entire argument section of his brief is contained in a single page. Appellant seemingly attempts to incorporate by

11

reference the argument and authorities provided in his response to Petroleum Wholesale's motion to confirm the arbitration award and motion to modify or vacate the award, which is attached to his brief as Exhibit 19.[11]  But the Rules of Appellate Procedure require that the brief contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(i).  Karaali makes several conclusory statements and cites three cases, but he does not apply these cases or provide any analysis in support of this issue.  Appellant provides no record references in his argument section.[12]

Brief conclusory statements unsupported by legal authority do not suffice to meet the requirements of our briefing rules.  *See Collins v. Walker*, 341 S.W.3d 570, 575 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (citing Tex. R. App. P. 38 and *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.)).  Even construing Karaali's appellate brief liberally, we cannot conclude that he has briefed this issue adequately.  *See* Tex. R. App. P. 38.1(i); *see also San Saba Energy L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.).  Because of this inadequate briefing, Karaali has waived his third issue.  *See* TEX. R. APP. P. 38.1(i); *Collins*, 341 S.W.3d at 575; *Canton-Carter*, 271 S.W.3d at 930–32; *Valadez*, 238 S.W.3d at 845; *San Saba Energy L.P.*, 171 S.W.3d at 338.

In any event, the challenge Kaarali appears to be making to the arbitrator's authority fails on the merits.  An arbitrator's authority is derived from the

---

[11] Although our rules of appellate procedure allow a party to adopt by reference another document filed by "another party in the same case," this rule does not apply to a party's attempt to incorporate into a brief a motion filed in the trial court by the same party.  *See* TEX. R. APP. P. 9.7 ("Any party may join in or adopt by reference all or any part of a brief, petition, response, motion, or other document *filed in an appellate court by another party* in the same case." (emphasis added)).

[12] Karaali also provides no record reference in the facts section of his brief.

arbitration agreement and is limited to a decision of the matters contained therein, either expressly or by necessary implication. *Baker Hughes Oilfield Operations, Inc. v. Henning Prod. Co.*, 164 S.W.3d 438, 443 (Tex. App.—Houston [14th Dist.] 2005, no pet.). The arbitration clause of the Settlement Agreement applies to "disputes [arising] with regard to the interpretation and/or performance of this agreement or any of its provisions[.]"

As described above, the Settlement Agreement provided that if Tien Shan and Karaali failed to obtain refinancing to pay $1,225,000 in full and final payment of the Note by August 12, 2009, they were required to make payments under the terms of the Note. Thus, when Karaali failed to make this payment, the terms of the Note—including the balance owing and the applicable interest rate—became relevant to performance of the Agreement. Because the Note provided for an adjustable interest rate based on the prime rate plus two percent, it was necessary for the arbitrator to resolve the parties' disputes regarding the balance owing and the interest rate so he could calculate Tien Shan and Karaali's proper monthly payments. The arbitrator did not exceed his authority by resolving these disputes in order to determine the payments due under the Note—a matter expressly contained in the Agreement. Accordingly, we overrule Karaali's third issue.

## III. Lack of "documents" to support trial court's determination of balance due on note

In Karaali's fourth issue, he asserts that the trial court did not have "documents" to make a decision regarding the remaining balance on the Note. We construe this issue as a challenge to the sufficiency of the evidence to support the trial court's judgment.

The parties do not dispute that they entered into a valid, binding arbitration agreement. Texas law favors arbitration. *Id.* at 442; *IPCO-G.&C. Joint Venture v.*

*A.B. Chance Co.*, 65 S.W.3d 252, 255–56 (Tex. App.—Houston [1st Dist.] 2001, pet. denied).  An arbitration award has the same effect as the judgment of a court of last resort; a reviewing court may not substitute its judgment for that of the arbitrator merely because it would have reached a different result.  *Baker Hughes Oilfield Operations, Inc.*, 164 S.W.3d at 442.  A reviewing court also may not set aside an arbitration award for a mistake of fact or law.  *Id.*  Indeed, our review of an arbitration award is extremely limited, and we lack authority to review complaints unless they concern statutory, common law, or public policy grounds to vacate or modify the award.  *See id.*  Sufficiency of the evidence to support the award is neither a statutory nor a common-law ground for vacating or modifying an arbitration award.  *See IPCO-G.&C. Joint Venture*, 65 S.W.3d at 256.  Accordingly, we lack authority to review Karaali's fourth issue, and it is overruled.

## CONCLUSION

For the foregoing reasons, we have overruled all five of Karaali's appellate issues.  We therefore affirm the trial court's judgment.


/s/        J. Brett Busby
                Justice

Panel consists of Chief Justice Frost and Justices Busby and Donovan.